BURGESS, Appellant, vs. DANE COUNTY, Respondent.

*February 2—February 20, 1912.*

*Counties: Resolutions of county board: Construction: Register of deeds: Change from fee to salary system: Temporary change not lawful: Action at adjourned meeting: Fixing salaries: Separate resolution unnecessary: Special statutes: Continuance of salaries until changed: Increasing duties of office: Extra compensation.*

1. In construing a resolution of a county board changing the method of compensation of the register of deeds from the fee to a salary system, it will be presumed the board acted in good faith and intended to accomplish a lawful result, and if the language employed is susceptible of two meanings, only one of which will give validity to the resolution, that one will be adopted.

2. Under ch. 410, Laws of 1901 (sec. 764b, Stats.), a county board has no power to provide for a temporary change in the method of compensating the register of deeds, and if a lawful change is once effected it is permanent.

3. The power given by that statute to place the office of register of deeds upon a salary basis may lawfully be exercised by the county board at an adjourned meeting.

4. The resolutions of minor deliberative bodies, such as county boards, should receive a liberal construction to effectuate their evident intent.

5. If necessary to harmonize the language used with the evident intent and purpose of such a resolution and to effect a valid result, its phrases may be transposed.

6. A county board at an adjourned meeting held in January, 1902, adopted a resolution which, after reciting the substance of ch. 410, Laws of 1901, proceeded: "Therefore it is resolved that the method of compensating the register of deeds for D. county to be elected during the ensuing year, to wit, the year 1902, his deputies, clerks, and copyists, be and the same is hereby changed from fees now provided by law to salaries, and the salary of the said register of deeds be and the same is hereby fixed at the sum of $1,800." *Held*, that the reference therein to the "ensuing year" and "the year 1902" was intended merely to mark the *inception* of the adopted change, and not to limit it in operation to the term of office of the register to be elected in that year.

7. The provision in ch. 410, Laws of 1901, that if a county board adopts the changed method of compensation it shall *at the same time* fix the amounts of the salaries to be paid to the register of deeds to be elected during the ensuing year, his deputies, clerks, and copyists, does not require separate resolutions, one providing for the change of system and the other fixing the salaries. *State ex rel. Williams v. Sawyer Co.* 140 Wis. 634, distinguished.

8. Ch. 410, Laws of 1901 (sec. 764b, Stats.), so far as it relates to the compensation of the register of deeds, is not a special statute so as to preclude the application to that office, after the salary method has been adopted, of sec. 694, Stats. (1898), which continues salaries fixed by the county board until changed by the same authority.

9. The duties of a public office may, within reasonable limits, be increased without giving the incumbent a right to extra compensation.

10. The provision of said ch. 410, Laws of 1901, that the salaries paid under it "shall be in lieu of all fees, per diem and compensation for services rendered," precludes the recovery of any additional compensation for services germane to the office, such as the filing and indexing of vital statistics, discontinued from 1907 to 1909, but revived by ch. 188, Laws of 1909.

'APPEAL from an order of the circuit court for Dane county: E. C. HIGBEE, Judge. *Affirmed.*

This is an action to recover fees turned over by the plaintiff to the defendant while he was its register of deeds, and to recover from it fees due for services rendered as such register of deeds. A claim against the county was filed by the plaintiff, and from a disallowance thereof by the county board he appealed to the circuit court for *Dane County.* His claim, embodied in a complaint, is as follows:

"Now comes *S. T. Burgess* and hereby makes claim against said *Dane County* of the state of Wisconsin, and in support of said claim respectfully sets forth and shows as follows:

"That he was duly elected to the office of register of deeds of said *Dane County,* Wisconsin, at the general election held in the month of November in the year 1906, and that thereafter on the 7th day of January, 1907, he duly qualified and assumed the duties of said office of register of deeds and con-

tinued to discharge the duties thereof under said election of the year 1906 until the 2d day of January, 1909; that he was likewise duly elected to said office at the general election held in the month of November in the year 1908, and on the said 2d day of January, 1909, succeeded himself as such register of deeds and did then and there duly qualify and assume the duties of said office; that from and since the 7th day of January, 1907, and continuously to the date hereof, he has been and still is duly elected and qualified register of deeds as aforesaid and has throughout said period discharged and still is discharging the duties of said office.

"That from and since the 7th day of January, 1907, and until the 31st day of March, 1910, he has collected as such register of deeds fees for filing and recording instruments in the said office of register of deeds in the amount of $18,339.05, which said fees in the said amount of $18,339.05 he has paid over to the treasurer of *Dane County,* Wisconsin, and did so pay over to the said treasurer and into the treasury of said county on or before the said 31st day of March, 1910, and since the said 7th day of January, 1907, the said sum of fees as above set forth.

"Claimant further says that the said fees were the property of and belong to this claimant and that they still are the property of and belong to this claimant, and that he is entitled to the same, and that he hereby makes claim against said *Dane County* for the amount thereof, and attaches hereto and makes as a part of this claim an itemized statement marked Exhibit No. 1 setting forth the date and amount of each payment of such fees by him to the said treasurer.

"Claimant further says that he has received from said county no consideration or equivalent whatever for the money so paid over to *Dane County* or for any part thereof.

"And this claimant further says that at the date of each of said payments and throughout his term of office until after the 31st day of March, 1910, that this claimant was led to believe and did believe that the title to said fees was in *Dane County* and that this claimant was only entitled to receive a salary instead of said fees, and that each and all said payments were made on said mistaken belief and information; that on or about the 27th day of April, 1910, for the first time he was informed of the fact that the title to said fees

was in this claimant and not in said *Dane County;* that at the time of each and all of said payments and until on or about the 27th day of April, 1910, this claimant was led to believe and did believe in fact that the county board of *Dane County* had taken proper action fixing his said compensation as such officer on the basis of salary instead of on the basis of fees, whereas in truth and in fact said county board had taken no action whatever pertaining to or affecting claimant's right to said fees as the compensation of said office. And claimant did not know in fact at any of said dates of payment nor until on or about the 27th day of April, 1910, that said county board had taken no action whatever affecting in any way the rights of this claimant in and to said fees. That this claimant paid said money to said county under the mistaken belief that the same was due to said *Dane County,* and under the further mistaken belief that as such register of deeds he was bound to pay the same; and claimant further says that in fact, at each and all of the times of payment hereinbefore set forth, he was under no obligation to pay the said moneys or any part thereof to said *Dane County,* and that said *Dane County* had no right to receive the same or any part thereof, and that said *Dane County* has no right to retain the same or any part thereof, as this claimant is now informed and verily believes; that on or about said 27th day of April, 1910, for the first time during the entire period covered by this claim, or at all, this claimant was informed that the *Dane County* board of supervisors had not in fact changed the system of compensation of the register of deeds for or during any part of the said two terms of office of this claimant, and that the only pretended claim of said *Dane County* to said fees was based upon a certain resolution adopted by said county board of supervisors at its annual meeting for the year 1901 and on the 24th day of January, 1902, in the said annual session of said county board, a copy of which said resolution on which said pretended claim of said *Dane County* to said fees was based is hereto attached, marked Exhibit No. 2, and made a part of this claim; and this claimant further says that from and since the said 27th day of April, 1910, this claimant has continuously asserted his right and title to and still claims and asserts his title to the said fees so paid over to said *Dane County* and to each and all of said fees in the amount hereinbefore set forth.

"Claimant further says that between the said 7th day of January, 1907, and the date hereof the said *Dane County* had paid out to this claimant and to assistants of this claimant items which are properly chargeable to this claimant against his said claim in the amount of $11,800, as this claimant verily believes; that all of such sums as were paid to this claimant personally were paid to him upon vouchers issued to him by the clerk of said county, which said vouchers were receipted for to said clerk upon stubs, a copy of the form of which said stubs is hereto attached and marked Exhibit No. 3 and a copy of which said vouchers is hereto attached and marked Exhibit No. 4, both of which said exhibits are hereby referred to and made a part of this claim; that said *Dane County* has also paid out certain other sums for postage since the said 7th day of January, 1907, and prior to the date hereof, which are properly chargeable to this claimant against his said claim hereinbefore set forth in the amount, as this claimant verily believes, of not to exceed $350.

"This claimant further alleges as a further and separate claim against the said county that during the term of his office, to wit, since the 7th day of January, 1907, and prior to October 1, 1907, he has filed and indexed marriage, birth, accident, and death certificates, as required by law, to the number of 4,758 such certificates, for each of which certificates filed and indexed by him prior to the 1st day of October, 1907, he makes claim against said *Dane County* in the sum of twenty-five cents; that he has also similarly filed and indexed since the 2d day of January, 1909, and prior to the date thereof, certain other marriage, birth, and death certificates as required by law, being marriage, birth, and death certificates filed with him by the state and local registrars of vital statistics, in the total number of 640 such certificates, for each of which he hereby makes claim against said *Dane County* in the sum of ten cents. That his accounts and claims against *Dane County* are as follows, to wit:

Fees received by him as register of deeds and belonging to him as register of deeds paid into the treasury of *Dane County* between the 7th day of January, 1907, and the 31st day of March, 1910, as hereinbefore set forth in the amount of................................ $18,339 05

Filed and indexed 4,758 birth, death, accident, and marriage certificates prior to October 1, 1907, at 25 cents each ................................................. 1,189 50

Filed and indexed 640 birth, death, and marriage certifi-
cates received from local and state registrars of vital
statistics at 10 cents each.......................... 64 00

    Total    ...................................... $19,612 55
Against which there should be credited to *Dane County*
items as hereinbefore set forth in the total amount of  12,150 00

Balance due and owing to this claimant over and above
all offsets ...................................... $7,462 55

"Claimant further says that no part of said claim has been
paid.

"Wherefore said *S. T. Burgess* makes claim against said
*Dane County* for the sum of $7,462.55."

Exhibit 1 contains a list of payments of fees by the plaint-
iff to *Dane County* from March 30, 1907, to March 31, 1910,
inclusive.    Exhibits 3 and 4 show that the payments to plaint-
iff were made for salary.    Exhibit 2 is as follows:

"Whereas, by chapter 410, Laws of 1901, the county board
of any county in this state may by resolution change the
method of compensating the register of deeds, his deputies,
clerks, and copyists, from fees now provided by law to sal-
aries, and may fix the amount of the salaries paid the register
of deeds thereafter elected, his deputies, clerks, and copyists:
therefore it is resolved that the method of compensating the
register of deeds for *Dane County* to be elected during the
ensuing year, to wit, the year of 1902, his deputies, clerks,
and copyists, be and the same is hereby changed from fees
now provided by law to salaries and the salary of the said
register of deeds be and the same is hereby fixed at the sum
of $1,800 per annum; that the said register of deeds shall be
allowed one deputy to be appointed by said register of deeds
and paid by the county, and that the salary so paid to such
deputy shall be in the amount of $900 per annum, payable
monthly, and two copyists appointed by the said register of
deeds and paid by the county, and that the sum so paid to
such copyists shall be in the amount of $400 per annum for
the first copyist and $300 for the second copyist, both payable
monthly; that all fees, per diem, and all other emoluments of
whatever kind, received by said register of deeds, his deputies,
clerks, and copyists, shall at the end of each quarter be paid

into the county treasurer's office and his accounts audited in the manner provided by law."

The defendant demurred as follows:

"And now comes the defendant, by Vroman Mason, district attorney for said *Dane County,* defendant's attorney, and demurs to the complaint herein on the ground that it appears on the face of said complaint that the same does not state facts sufficient to constitute a cause of action, and on the further ground that it appears on the face of said complaint that the plaintiff has not legal capacity to sue, in this, that the statement of plaintiff's claim filed in the office of the county clerk of said county, which said claim is the basis of this action, did not set forth the various items of said claim with sufficient accuracy as required by section No. 677 of the Wisconsin Statutes of 1898 and acts amendatory thereof and supplementary thereto, and that said statement of plaintiff's claim was not verified as required by said section with sufficient accuracy and positiveness."

From an order sustaining the demurrer the plaintiff appealed.

For the appellant there was a brief by *Gilbert, Jackson & Ela,* and oral argument by *Emerson Ela* and *F. L. Gilbert.*

*R. N. Nelson,* district attorney, and *Vroman Mason* and *J. M. Clancey,* for the respondent.

VINJE, J.   The trial court sustained the demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action.   It held that the resolution adopted by the county board in 1902 was sufficient to change the method of compensating the registers of deeds thereafter elected, from the fee to the salary system, as authorized by sec. 764*b,* Stats. (Supp. 1906: Laws of 1901, ch. 410). Plaintiff claims the resolution was insufficient to effect such a change, for two reasons: first, because the duration of such change was by the language of the resolution limited to the term of the register of deeds to be elected in 1902; and second, because it required two resolutions to complete the change,

one providing for a salary in lieu of fees and, after its passage, a separate one fixing the salary of the register of deeds to be elected during the ensuing year.

It is evident from the preamble of the resolution that the county board intended to act pursuant to the provisions of ch. 410, Laws of 1901, now sec. 764*b*, Stats. It will be presumed the board acted in good faith and intended to accomplish a valid and lawful result. *State v. Eau Claire,* 40 Wis. 533. Hence, if the language employed is susceptible of two constructions, one rendering the resolution void and the other valid, that construction which saves it will be adopted. *Nichols v. Halliday,* 27 Wis. 406; *Att'y Gen. v. Eau Claire,* 37 Wis. 400, 438; *Northern T. Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460. The preamble and opening sentence of the resolution read as follows:

"Whereas, by chapter 410, Laws of 1901, the county board of any county in this state may by resolution change the method of compensating the register of deeds, his deputies, clerks, and copyists, from fees now provided by law to salaries, and fix the amount of the salaries paid the register of deeds thereafter elected, his deputies, clerks, and copyists: therefore it is resolved that the method of compensating the register of deeds for *Dane County* to be elected during the ensuing year, to wit, the year 1902, his deputies, clerks, and copyists, be and the same is hereby changed from fees now provided by law to salaries."

It is contended by plaintiff that the phrase "to be elected during the ensuing year, to wit, the year 1902," limits the duration of the intended change to the term of the register of deeds elected in 1902, and that such a limitation rendered the resolution void. Unquestionably the board had no power to provide for a temporary change. If a lawful change was effected it was a permanent one. *Northern T. Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460; *State ex rel. Williams v. Sawyer Co.* 140 Wis. 634, 641, 123 N. W. 248. It must be conceded that the language of the resolution will bear the con-

Burgess v. Dane County, 148 Wis. 427.

struction contended for by plaintiff. But we think the phrase, "to be elected during the ensuing year, to wit, the year 1902," can be construed to mark the commencement and not the duration of the change; that is, to mean only that the change is to take effect with the commencement of the term of the register of deeds to be elected in 1902. It appears from the record that the resolution was passed by the county board at an adjourned session of the annual meeting of 1901 held in January, 1902. That explains why the words "to wit, the year 1902," were added after the words of the statute, "the ensuing year." It became necessary to provide that the change should begin with the term of the register of deeds to be elected in the fall of 1902, which was not the "ensuing year" when the adjourned session was held. That the county board could lawfully exercise such power at an adjourned meeting was decided in *Douglas Co. v. Sommer,* 120 Wis. 424, 98 N. W. 249. It is possible that the necessity of making a slight departure from the statutory language was responsible for the phrase in a position rendering it capable of two constructions. However, be that as it may, we conceive it to be no violence to language to say that the board intended the phrase quoted to mark the inception of the adopted change. Such construction harmonizes the resolution and makes it effectuate the purpose it was manifestly intended to subserve, namely, to provide a salary in lieu of fees for the register of deeds elected in the year 1902 and for all registers of deeds thereafter elected. It is true that where there is no ambiguity or doubt as to the meaning of the language used there is no room for construction, and that the court must give effect to the plain intent and language of a writing no matter what the result may be. But when the intent is clear, and the language used is fairly susceptible of effectuating that intent, then it should be construed to do so even if it will bear another meaning—especially when such other meaning would render the whole writing nugatory. The question for consideration

before the county board was that of changing the method of compensating the register of deeds and his deputies from fees to salaries pursuant to the provisions of sec. 764b, Stats. Presumably the board intended to comply with the provisions thereof and to make the change as the statute required. Such presumption must prevail unless the language used is wholly inconsistent therewith. In the case of minor deliberative bodies such as county boards, the language of their resolutions will receive a liberal construction in order to effectuate their evident intent. No technical grammatical interpretation will control. *Hark v. Gladwell,* 49 Wis. 172, 5 N. W. 323; *Wis. Cent. R. Co. v. Ashland Co.* 81 Wis. 1, 13, 50 N. W. 937.

The trial court transposed the phrase, "to be elected during the ensuing year, to wit, the year 1902," to follow the words "register of deeds," a couple of lines below, making the resolution read: "Resolved, that the method of compensating the register of deeds for *Dane County,* his deputies, clerks, and copyists, be and the same is hereby changed from fees now provided by law to salaries, and the salary of said register of deeds to be elected during the ensuing year, to wit, the year 1902, be and the same is hereby fixed," etc. Judicial authority is not wanting to sustain such transposition. Indeed, greater changes in, and additions to, enactments or writings have been made in order to carry out their evident intent. Thus in the case of *Nichols v. Halliday,* 27 Wis. 406, the words "with respect to the baggage and effects of their guests" were entirely supplied by the court. In *Palms v. Shawano Co.* 61 Wis. 211, 21 N. W. 77, the word *north* in a legislative act was substituted for the word *south.* In *Wis. Ind. School v. Clark Co.* 103 Wis. 651, 79 N. W. 422, words not in the Revision of 1878 were supplied from the repealed statute of 1875. In *State ex rel. McGrael v. Phelps,* 144 Wis. 1, 128 N. W. 1041, the equivalent of the phrase, "of the vote of the state, county or district in which such person is a candidate,"

was held to be implied though not expressed in the act construed. And in *Neacy v. Milwaukee Co.* 144 Wis. 210, 128 N. W. 1063, as expressed by Justice MARSHALL in the *Mc-Grael Case,* "a word expressing an idea, very obscurely, considering its location, was expanded by the addition of other words, the whole then transferred to its proper location as a qualifying clause, and another clause was transposed to its proper location, so that the collection of words which, read literally, was senseless, was made to serve the purpose intended." The subject as to the extent to which judicial construction may go to carry out the evident intent of a legislative act, or the resolution of a deliberative body such as a county board, has been so fully treated in the recent cases of *State ex rel. McGrael v. Phelps, supra; Neacy v. Milwaukee Co., supra;* and *State ex rel. Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Comm.* 137 Wis. 80, 117 N. W. 846, that no further discussion thereof is now deemed necessary.

It is also contended that two separate resolutions were necessary to successfully inaugurate the change, one providing for a salary in lieu of fees and another fixing the salary. The case of *State ex rel. Williams v. Sawyer Co.* 140 Wis. 634, 123 N. W. 248, is relied upon to sustain this contention. The act then construed was ch. 651, Laws of 1907, now secs. 2523—1 to 2523—21, Stats. The first section thereof created in each county of the state one or more courts, as might be provided for, to be known and designated as special municipal courts. The second section read: "The county board of supervisors of any county may, by a majority of all members elect, adopt the provisions of this act by resolution and upon such adoption may thereafter, in like manner and upon a like vote, provide for a special municipal court or courts," etc. This court held that the act clearly contemplated the passage of two separate resolutions, one adopting the provisions of the act, and thereafter another providing for the court established. Such ruling was in conformity with the plain

language of the statute then under consideration. The section now before us (sec. 764*b*, Stats.) provides that the county board of any county "may at their annual meeting preceding the election of county officers, by resolution, change the method of compensating the register of deeds, his deputies, clerks and copyists, from fees, now provided by law, to salaries, and shall *at the same time* fix the amounts of the salaries to be paid the register of deeds to be elected during the ensuing year, his deputies, clerks and copyists, and the number thereof to be appointed by the register of deeds, and paid by the county." Not only are there no words in the statute suggesting, much less requiring, separate resolutions, but, on the contrary, the language seems to imply that only one resolution should be passed. The statute says the county board may "by resolution" change from fees to salary, and shall *at the same time* fix the amount of the salaries to be paid. True, this does not necessarily mean that the adoption of the change and the fixing of the salaries must be by one resolution, but it clearly does not say that it must be by two, as did ch. 651, Laws of 1907. In the absence of specific legislative direction it must be held that it was optional with the county board to embody both provisions in one resolution or to vote on them separately, provided both were passed at the same meeting.

The further claim is made that, even though the resolution passed in 1902 was sufficient to accomplish a change from a fee to a salary system, yet, inasmuch as the county board subsequently never fixed the salary of the register of deeds as provided for in sec. 764*b*, Stats., the plaintiff was entitled to fees as prescribed by sec. 764, Stats. (1898), and not to a salary. If this claim is correct, then any failure on the part of the county board to fix a salary as required would *ipso facto* operate as a return to the fee system. The county board by a failure to comply with the law would accomplish what this court held in the case of *Northern T. Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460, it could not do by express resolution, namely, change back from the salary to the fee system.

That such a result was not contemplated nor permitted is made evident by a reference to sec. 694, Stats. (1898), which provides:

"The county board at their annual meeting shall fix the amount of salary which shall be received by every county officer, including county judge, who is to be elected in the county during the ensuing year and is entitled to receive a salary payable out of the county treasury, and the salary so fixed shall not be increased or diminished during his term of office. Such salaries shall be paid at the end of each month. All salaries, the amounts whereof have heretofore been fixed by such board or established by law, shall be and remain the salaries of such officers until the county board shall fix the amounts thereof in accordance with this section, and when such amounts are once so fixed they shall be and remain the salaries of such officers until changed by the county board."

Sec. 764b says: "And the county board of such county shall, thereafter, at their annual meeting preceding the election of the register of deeds fix the amounts of the salaries of the register of deeds to be elected and his deputies, clerks and copyists and the number thereof for the term." Plaintiff argues that this latter enactment is a special statute and that sec. 694, Stats. (1898), has no reference to the salary of the register of deeds fixed pursuant to its provisions. We cannot so regard it. Sec. 764b is no more a special statute than was 694a, Stats., relating to the fixing of the sheriff's salary. And it was held in *Northern T. Co. v. Snyder,* 113 Wis. 516, 554, 89 N. W. 460, that the salary of the sheriff once having been fixed by the county board, and not thereafter changed, at a time when the board had power to do so, it remained as fixed. The same is true as to the salary of a register of deeds. Sec. 694 steps in and justly and beneficently relieves a county officer from taking an officer *cum onere* and without a salary where the county board has negligently or otherwise failed to comply with the law relative to the fixing of salaries.

It appears that from October 1, 1907, to October 1, 1909, registers of deeds were relieved by ch. 469, Laws of 1907,

from filing certain vital statistics, and that plaintiff, who was re-elected in 1908, was after October 1, 1909, required by the provisions of ch. 188, Laws of 1909, to file and index such vital statistics.    Were plaintiff entitled to fees for such work, the same would amount to $64.    It is claimed that, even if plaintiff was on a salary, he should be allowed fees for such extra work.    The claim is not well taken.    The duties germane to a public office may, within reasonable limits, be increased without giving the incumbent thereof a right to extra compensation.    *St. Croix Co. v. Webster,* 111 Wis. 270, 87 N. W. 302; *Barron Co. v. Beckwith,* 142 Wis. 519, 124 N. W. 1030.    The duties plaintiff was required to perform were such as had for years been performed by registers of deeds, with the exception of the interval between October 1, 1907, and October 1, 1909.    Sec. 764*b,* Stats., provides: "The salaries of the register of deeds, his deputies, clerks and copyists so paid, shall be in lieu of all fees, per diem and compensation for services rendered by them."    Language as broad and explicit as this leaves no room for argument that both salary and fees may be recovered even though the services be extra or additional, provided they are germane to the duties of the office.    In this case they were not only germane to the office but had customarily been performed by the incumbents thereof.

The decision reached upon the questions discussed renders it unnecessary to consider the other questions raised by plaintiff's counsel.    In passing it may not be amiss to observe that plaintiff was elected with the expectation of receiving a salary; that he accepted such salary for one term; was re-elected with the understanding that he was to receive a salary for the next term, and did receive it.    He seemed satisfied with the situation till April, 1910, when he claims he discovered that he was entitled to fees instead of a salary.    The discontent began with the discovery.    "Where ignorance is bliss 'tis folly to be wise."

*By the Court.*—Order affirmed.