BAIRD *v.* BOARD OF SUPERVISORS OF SAGINAW COUNTY.

1. Highways and Streets — County Roads — State Rewarded Roads Thereby Become County Roads.

   Under 1 Comp. Laws 1915, § 4364, as amended, requiring that all State rewarded roads composing a part of the county road system shall be taken over as county roads by the board of county road commissioners, a road, shown on the map filed in compliance with said statute to be in character a State rewarded road, and it having been so adopted and approved as a part of the county road system, is a county road, and therefore a proper object of the appropriation of county funds.

2. Same—Counties—Final Action by Majority Vote of Members Elect Valid.

   Where the board of supervisors, as a final action, adopted by a clear majority vote of the members elect the report of its committee on taxation appropriating a certain amount for the construction of a certain county road, and apportioning the same among the several townships and city, the proceedings were valid under 1 Comp. Laws 1915, § 2266, as amended by Act. No. 144, Pub. Acts 1919, notwithstanding preliminary and introductory motions in relation thereto failed to receive a majority vote of the members elect.

3. Same—Budget Submitted by County Road Commissioners Not Conclusive on Board of Supervisors.

   Since the budget submitted to the board of supervisors by the board of county road commissioners is advisory merely, and, under the statute (1 Comp. Laws 1915, § 4366, as amended), is not conclusive of action by the board of supervisors, an appropriation for the construction of a county road without the terms of said budget is not therefor void.

Certiorari by John Baird against the board of supervisors of Saginaw county to review an order appropriating money for a certain highway.   Submitted

January 8, 1924.   (Calendar No. 31,246.)   Writ dismissed February 26, 1924.

*Otto & Holland,* for plaintiff.

*Wilber Brucker,* Prosecuting Attorney, for defendant.

PER CURIAM.   Plaintiff, a taxpayer of Saginaw county, on certiorari, seeks to quash proceedings of the board of supervisors of the county at its October, 1923, session appropriating, apportioning and ordering spread on the tax rolls the sum of $20,000, to be applied toward constructing a highway within the county, State trunk line M-10, known as the Dixie highway, and locally as the River road.

It is urged that the particular road was not a county road and, therefore, not a proper object of appropriation by the board of supervisors.   When the board of county road commissioners of the county was organized, the road in question was on the route of a State trunk line highway (1 Comp. Laws 1915, § 4852, as amended [Comp. Laws Supp. 1922, § 4852]), and had been officially designated and determined under the statute.

Concededly, the county has a system of county roads under 1 Comp. Laws 1915, § 4364, as amended (Comp. Laws Supp. 1922, § 4364).   A map of the system was filed in the office of the State highway commissioner. The return shows that the road in question is a part of the county road system.   For several years it has been recognized as a county road by both the county and State authorities.   When the map of the system of county roads was filed with the State highway commissioner, the particular road to be constructed was a State trunk line, in character, a State rewarded road. The statute last above cited requires imperatively that—

226—Mich.—6.

"All State rewarded roads composing a part of this system shall be taken over as county roads by the board of county road commissioners."

Having been adopted and approved as a part of the county road system, it is a county road and, therefore, a proper object of the appropriation of county funds.

Of the board of supervisors, there were 50 members elect. The proceedings are said to be invalid because certain resolutions and motions relating to the appropriation were not passed by a majority of members elect, being declared carried by a vote of 25 to 24 or less. Act No. 144, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 2266), requires that upon the final passage or adoption of any measure or resolution a majority of all members elect shall be necessary. The final action of the board respecting the matter was the adoption of the report of the committee on taxation by a vote of a clear majority of the members elect. The report stated that $20,000 has been appropriated on account of the construction of the said highway, that such sum was included in the total of tax apportioned between "the several townships and city," that the same was so duly apportioned, and it directed the several assessing officers "to spread upon the assessment rolls of their respective townships and city the sums set opposite the names of said township and city" in an annexed schedule showing the apportionment.

The apportionment itself is a mere matter of arithmetic. But this report goes beyond that in the manner stated. It, as adopted, is sufficient in itself to constitute both an apportionment and an appropriation. Hence, the motions and resolutions preceding it will be regarded here as preliminary and introductory merely. See *Rock* v. *Rinehart*, 88 Iowa, 37 (55 N. W. 21); 15 C. J. p. 462; *Whitney* v. *Village of Hudson*, 69 Mich. 189; *Burgess* v. *Dane County*, 148 Wis. 427 (134 N. W. 841).

It is also said that the appropriation is without the terms of the budget submitted by the board of county road commissioners to the board of supervisors, and is therefore void (1 Comp. Laws 1915, § 4366, as amended [Comp. Laws Supp. 1922, § 4366]). The budget is advisory, and by the terms of the statute is not conclusive of action by the board of supervisors.

No other question merits discussion.

The writ is dismissed.