RYAN, Appellant, vs. OUTAGAMIE COUNTY, Respondent.

*October 1 — October 20, 1891.*

*Constitutional law: Delegation of legislative power: Regulation by county board of fees of justices under " tramp law."*

1. Sec. 6a, ch. 470, Laws of 1887 (known as the "Tramp Law"), authorizing county boards to fix "the fees or compensation of the officers and magistrates for services to be performed under this act," is not an improper delegation of legislative power.

2. The adoption by a county board of a resolution ordering and informing all justices of the peace in the county that thereafter no sum exceeding $2 would be allowed in cases of arrest and conviction or acquittal of tramps, is an effectual exercise of the power granted.

3. The filing of a certificate of conviction and the making of a report to the county board, required by the general statutes, will, in cases arising under the "Tramp Law," be deemed to be services performed under that law, and no compensation therefor beyond the sum limited can be recovered.

APPEAL from the Circuit Court for *Outagamie* County.

This is an appeal from a decision of the county board of the respondent county in disallowing a part of the bills of plaintiff against defendant for fees as justice of the peace in thirty-four criminal actions tried before him under the provisions of ch. 470, Laws of 1887, popularly known as the "Tramp Law." Plaintiff claimed $3.08 for fees in each of these cases, made up of items under the general fee-bill prescribed by sec. 3774, R. S. The county board allowed but $2 in each case, and the plaintiff appealed.

It appears that on the 19th of April, 1890, the county board of the defendant passed the following resolution, claiming to be authorized so to do by the provisions of sec. 6a of said chapter 470: "Whereas, the legislature of the state of Wisconsin, at its annual session in the year 1887, provided by section 6a of chapter 470, Laws of said session, for the arrest and imprisonment of tramps, and therein pro-

vides that the county board at any. of its sessions may fix a certain fee that shall be allowed to each magistrate in all cases of arrest and conviction of tramps: Now, therefore, resolved, by the county board of supervisors of Outagamie county, that we do hereby order and determine,. and inform all justices of the peace in said county, that hereafter no sum exceeding two dollars ($2.00) in case of arrest and conviction or acquittal of tramps will be allowed." The prosecutions in question were all subsequent to the passage of this resolution.

The cause was submitted for the appellant on the brief of *Frank W. Harriman,* and for the respondent on that of *Lyman E. Barnes.*

WINSLOW, J. It is claimed that sec. 6*a*, ch. 470, Laws of 1887, is invalid because it is an attempt to confer upon the county board legislative power, which, by familiar principles, cannot be delegated.

In the case of *Slinger v. Henneman,* 38 Wis. 504, the following principles were laid down: "It is a settled maxim of constitutional law that the power thus conferred upon the legislature [*i. e.,* the legislative power] cannot be delegated by that department to any other body or authority; yet it is undoubtedly true that, in matters purely local and municipal, the legislature may enact conditional laws, and refer it to the people or proper municipal authorities to decide whether such laws shall or shall not have force and effect in their respective municipalities." We consider this a correct statement of the doctrines applicable to this case.

That the regulation of the compensation of a county or town officer is a purely local matter cannot admit of doubt. It has been the policy of our laws for many years to empower county boards to fix the salaries of county officers. We are unable to see upon what ground it can be claimed that the state can delegate to a county the power

to fix the salaries of county officers, but cannot delegate the power to fix the compensation of a justice of the peace.  The justice is a judicial officer, but he is also a local officer, and the matter of his compensation for services which he performs for the county is plainly a local matter.

But it is objected that, if the county board proposes to exercise the powers granted by section 6a, it should adopt a fee-bill, and that the resolution in question is not plain or intelligent, and is, at most, a mere threat.  Doubtless the resolution might have been more aptly drawn, but, applying that liberal construction which should be applied to the proceedings of such bodies, its intent and meaning are quite apparent.  It certainly fixes a maximum fee which will be allowed in such cases.  We hold it to be an effectual exercise of the authority granted by the legislature.

It is further claimed that, if the law and the resolution of the board are both held to be valid, still the plaintiff is entitled to recover, in addition to the $2 in each case, twenty-five cents for filing a certificate of conviction, and twenty-five cents for making report to the county board, under R. S. secs. 4764, 4765, 3774, 680, 696.  This claim is made because it is said that the last-named services are not performed "under" the tramp law, but under independent provisions of the statutes, and that the $2 is simply payment for services rendered under the law.  Although it is true that the tramp law makes no provision, in terms, for these services, still we think that they are strictly services performed under the law.  The law does not attempt to prescribe procedure.  It creates a criminal offense, and gives to justices of the peace jurisdiction to try and determine that offense.  When he does so, he must look to the general law for his procedure in detail; but, though this be so, his proceedings are under the act, because the act is what makes them necessary.

· A claim is made in the appellant's brief that the entire act in question, to wit, ch. 470, Laws of 1887, is unconstitutional, but no argument is made upon the proposition. From our own examination, we are unable to see upon what grounds it can be claimed to be unconstitutional.

The findings and judgment of the circuit court are in accord with our views.

*By the Court.*— Judgment affirmed.