State, *ex rel.*, *v.* The Nine Justices.

STATE, *ex rel.*, *v.* THE NINE JUSTICES.

(*Knoxville.* November 14, 1891.)

1. CONSTITUTIONAL LAW. *Legislation creating additional Justices of the Peace for incorporated towns. Valid when.*

Under the constitutional provision, "the Legislature shall have power to provide for the appointment of an additional number of Justices of the Peace in incorporated towns," it is undoubtedly competent for the Legislature to confer, by special Act, the power upon any incorporated town to elect a *definite number* of additional Justices.

Constitution construed: Art. XI., Sec. 8; Art. VI., Sec. 15.

Cases cited and approved: Hatcher *v.* State, 12 Lea, 368; Woodard *v.* Brien, 14 Lea, 520; Burkholtz *v.* State, 16 Lea, 71.

2. SAME. *Same. Invalid, when.*

But an Act conferring upon an existing municipal corporation, or upon each of a class of such corporations, the power to elect "two Justices of the Peace in each ward into which such city may be subdivided," is not a constitutional exercise of the legislative power to provide for the appointment of additional Justices in incorporated towns. Such Act constitutes an illegal delegation of legislative power to incorporated towns.

Act declared unconstitutional: Acts 1875, Ch. 8.

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. S. A. KEY, Ch.

DEWITT, THOMAS & DEWITT, PRITCHARD, SIZER & THOMAS, and Attorney-general PICKLE for State.

MOON, DANIELS & GARVIN, WARDEN & EVANS, and J. W. YOUNG for Justices.

\*HENDERSON, Sp. J.   This is a *quo warranto* proceeding, and, together with eight other cases, is here by appeal from the Chancery Court at Chattanooga.   These nine cases involve the question of the right of the several defendants to hold and exercise the office of Justice of the Peace of Hamilton County.

Upon a motion made by the defendant, the Chancellor dismissed the bill, and complainants appealed.

The point involved is whether an Act of 1875, under which the citizens of Chattanooga assumed to elect additional Justices of the Peace, was obnoxious to the provisions of the Constitution of the State.

The bill alleges that the defendant unlawfully holds and exercises the public office of Justice of the Peace of Hamilton County; that the corporate limits of Chattanooga are identical with the limits of the fourteenth civil district of said county; that under the general laws the said city or district has four Justices of the Peace, duly elected and now exercising the functions of their offices; and that the defendant claims to hold and exercise the office aforesaid by virtue of his election under the provisions of the said Act of the Legislature of

*Col. W. A. Henderson, of the Knoxville bar, was appointed by the Governor and served during Judge Caldwell's disability.—REPORTER.

1875, Chapter 8, which is alleged to give Chattanooga two Justices of the Peace for each ward of said city. Said Act is as follows:

"AN ACT to authorize the appointment of an additional number of Justices of the Peace in certain incorporated cities.

"SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That each incorporated city in this State having a population, by the last Federal census, of as much as six thousand, and not to exceed eight thousand, shall be entitled to and have two Justices of the Peace for each ward into which such city may be subdivided, who shall have the powers and discharge the duties of Justice of the Peace for the civil district in which such city is situated.

"SEC. 2. *Be it further enacted,* That it shall be, and is hereby, made the duty of the County Court of the county in which such incorporated city may be situated, at its first meeting after the taking effect of this Act, to order an election of the additional Justices herein provided for, and also for all vacancies in said city or civil district in which the same is situated.

"SEC. 3. *Be it further enacted,* That this Act take effect from and after its passage, the public welfare requiring it."

The bill further alleges that until the legislative session of 1889 Chattanooga had five wards, and two Justices had been elected for each of these,

in addition to the four Justices otherwise provided for; that Defendant Adams is one of the two elected for the first ward, and that the election at which defendant claims to have been elected was in August, 1888.

The bill further alleges that Chattanooga was the only city in the State which fell within the provisions of this Act of 1875, and insists that it is unconstitutional and void, because it is by its terms confined to such cities only as had, by the Federal census of 1870, population of as much as six thousand and not more than eight thousand.

The constitutionality has been vigorously attacked before us as being obnoxious to the eighth section of Article XI. of the Constitution, which is as follows:

"The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunities or exemptions other than such as may be, by the same law, extended to any member of the community who may be able to bring himself within the provisions of such law."

It is insisted that as against this section the Act is special, and is "class legislation;" and we have been referred to divers well-considered cases in our own and other States, and to divers textwriters in support of such contention. On the

other hand, it is urged that the Act, which might be otherwise void as a special statute, comes within the purview, and is embraced within the last clause of Section 15 of Article VI. of the Constitution of 1870, which is in the following language: "The Legislature shall have power to provide for the appointment of an additional number of Justices of the Peace in incorporated towns."

This Court is unanimously of the opinion that any special Act of the Legislature giving to any incorporated town power to elect any definite number of Justices of the Peace would be within the saving of this last mentioned clause, because it is a subject upon which the Legislature has the express right to pass special laws, and that therefore the cases of *Hatcher and Lea* v. *The State*, 12 Lea, 368; *Woodard* v. *Brien*, 14 Lea, 520; *Burkholtz* v. *The State*, 16 Lea, 71, and others cited by counsel, do not contest the law of this case. The single question remains whether the present case can be brought within the protection of the clause of the Constitution last above recited.

*First.*—It will be noticed that the caption of this Act is a very peculiar one. The caption of an Act is a necessary and material part of every Act of the Legislature. It should indicate to the reader the nature of the one subject-matter embraced in the law. It is argued by counsel, in support of the Act, that doubtless it was given the form of a general Act because of the wide-

spread impression among the bar at that time that an enlargement of any particular city's powers in reference to Justices of the Peace would be unconstitutional. And it is stated that it will be judicially known by this Court, that while the phraseology in the caption might refer to other cities, yet, that by reference to another book—to wit, the census of the United States for the year 1870—it could be learned that said phraseology was merely a word-painting of the name of the city of Chattanooga. This is a very serious objection to the Act, well worthy the attention of the bar and the legislators. But we pass to the next and more serious objection to the bill.

*Second.*—It will be seen that it was provided that any such city " shall be entitled to and have two Justices of the Peace in each ward into which such city may be subdivided." At the date of this Act the city of Chattanooga by public law was divided into five wards, the number of which has been increased by an amendment to the municipal charter. Within the plain scope of this Act would be involved power to the municipal authorities of the city of Chattanooga, by an increase of the number of the wards within her territory *ad libitum,* to increase the number of the Justices of the Peace for Hamilton County to an extent not warranted by the fundamental law; or such right would incidentally follow the subdivision of wards of that city by legislative enactment, while such results might not have been intended,

or even known, by the legislator. The relations of Justices of the Peace to the people are important and peculiar. They are the primary Courts and executive officers of the State as well. They are a necessity in any government, but by superabundance, and the consequent struggle for patronage and fees, may become an oppression, or may disturb the healthful balance of the County Court. The Constitution, which must be construed as a whole, carefully limits their number A country district shall have but two, and no county shall have more than twenty-five districts. It is recognized that incorporated towns may need and shall have more, but the increase shall be provided for only by definite legislative action. Such a law, to be valid, when once in effect, must not contain any provisions under which any other person, natural or municipal, can widen or restrict its provisions. The legislative power cannot be delegated to another. For this latter reason said Act cannot stand against the fundamental law of the land, and must go down.

It follows that the action of the Chancellor in sustaining the motion to dismiss was erroneous, and is reversed, with costs, and the cause is remanded to the Chancery Court at Chattanooga for further proceedings.

I do not agree to this conclusion.

LURTON, J.