STATE EX REL. WILLIAMS, Respondent, vs. SAWYER COUNTY and another, Appellants.

*October 28—November 12, 1909.*

*Constitutional law: Legislative power: Delegation to municipalities:*
*Statutes: Partial invalidity: Special municipal courts: Powers*
*of county board: Adoption of general law: Separate resolution,*
*when necessary: Mandatory statute: Rescission of resolutions.*

1. In matters purely local and municipal, the legislature may enact a conditional law and refer it to the people or proper municipal authorities to decide whether such law shall or shall not have force and effect in their respective municipalities.

2. Such a law must be a complete enactment in itself; and the only thing that may be left to the people to determine is whether they will avail themselves of its provisions.

3. Where parts of a statute are valid and capable of being executed independently of other parts which are invalid, the valid parts may become operative unless the court can say that the legislature intended that all the provisions should be carried into effect as a whole and as conditions and compensations for each other.

State ex rel. Williams v. Sawyer County, 140 Wis. 634.

4. Ch. 651, Laws of 1907, creates and establishes in each county "one-or more courts, as may be provided for," to be known as special municipal courts, and provides (sec. 2523—2) that the county board of any county may adopt the act by resolution, and upon. such adoption may, "in like manner and upon a like vote, provide for a special municipal court or courts," etc. *Held*, that the act is void under sec. 2, art. VII, Const., so far as it attempts to delegate to the county board power to decide upon the number of courts to be established in the county, but is; valid to the extent of creating and establishing one municipal court in each county (at least in such counties as had no municipal court when the act was passed), and to such extent only does it become operative when adopted in the manner therein provided.

5. Certain administrative, and perhaps other, functions may properly be conferred by such a general law upon the county board. to enable it to execute and carry into effect the law when adopted, as the providing of an office for the judge, determining his salary and the places where he shall hold court, and the like..

6. The requirement in sec. 2523—2, Stats. (Laws of 1907, ch. 651),. that the law shall be adopted by resolution before any action shall be taken by the county board to provide for the court, is. mandatory; and where a county board attempted in a single resolution to adopt the law and make provision for a court. thereunder, the latter part of the resolution, at least, was void.

7. Whether, in such case, so much of the resolution as adopted the-law was valid, not determined. If valid it cannot be rescinded by subsequent action of the county board, at least in the absence of express legislative authority so to do; but so much of the-resolution as was void could properly be rescinded.

APPEAL from a judgment of the circuit court for Sawyer-county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This was a *certiorari* proceeding brought to review the ac-tion of the county board of Sawyer county in rescinding a former resolution passed by it adopting the provisions of ch. 651, Laws of 1907. By a single resolution adopted by the county board at a meeting held on March 4th the provi-sions of ch. 651, Laws of 1907, were adopted and a special municipal court for said county was created. The resolution fixed the place at which the judge of such court should hold. his office, and provided for court accommodations, an official seal, necessary records and stationery, and for blanks, furni--

ture, fuel, and lighting.  By such resolution the county clerk was instructed to give the requisite notice that such judge would be elected on the first Tuesday in April, 1908.  The salary of such officer was fixed at $900 per year.  After the passage of such resolution the relator became a candidate for the office of municipal judge, and secured the necessary number of signers to have his name placed on the official ballot, and it was so placed, and he was elected on the first Tuesday in April, 1908.  In the meantime, and on April 2d, a special meeting of the county board of Sawyer county was called, at which meeting a resolution was passed rescinding the resolution adopted on March 4th.  The validity of the resolution last passed is attacked in this proceeding.  By its judgment the court annulled such resolution and declared it to be void and of no effect.  From such judgment this appeal is taken.

*F. L. McNamara,* for the appellants.

*Horace B. Walmsley,* for the respondent.

BARNES, J.  "In matters purely local and municipal, the legislature may enact conditional laws, and refer it to the people or proper municipal authorities to decide whether such laws shall or shall not have force and effect in their respective municipalities." *Slinger v. Henneman,* 38 Wis. 510.  Such a law must be a complete enactment in itself.  It must contain an entire and perfect declaration of the legislative will, and it must require nothing to perfect it as a law.  The only thing that may be left to the people to determine is whether they will avail themselves of its provisions. *State ex rel. Att'y Gen. v. O'Neill,* 24 Wis. 149, 153; *Dowling v. Lancashire Ins. Co.* 92 Wis. 63, 69, 65 N. W. 738; *In re North Milwaukee,* 93 Wis. 616, 620, 67 N. W. 1033; *Adams v. Beloit,* 105 Wis. 363, 369, 81 N. W. 869. .

"The legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends

to make, its own action to depend." *Dowling v. Lancashire Ins. Co., supra,* at p. 69; *Adams v. Beloit, supra,* at p. 369; *Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Commission,* 136 Wis. 146, 116 N. W. 905.

Tested by these principles, can ch. 651, Laws of 1907, be sustained as a valid enactment in its entirety? While the case under consideration might be disposed of without pointing out the infirmities of the law, it was thought best to do so in order to prevent illegal courts from being established thereunder and to avoid the confusion that might arise from the trial of causes and the rendition of judgments by unconstitutional courts. Sec. 2523—1 of the law in question provides:

"There is hereby created and established in each county of this state one or more courts, as may be provided for, to be known and designated as special municipal courts and with the powers and jurisdiction as hereafter provided."

Sec. 2523—2 provides that the board of supervisors of any county may, by a majority vote of all its members elect, adopt the act by resolution, and upon such adoption may, "in like manner and upon a like vote, provide for a special municipal court or courts as herein provided, to be known and designated as the First (or other numerical designation) Special Municipal Court of —— County."

Can the legislature vest in a county board the power to say when and how many municipal courts may be established in a given county? Does not the power attempted to be given confer upon the county board something more than the mere right to adopt the provisions of the law? Does it not in fact confer upon such board the power to legislate new courts into existence? If the law in its entirety can be upheld, it is the duty of the court to uphold it. If the entire act cannot be sustained, it is the duty of the court to sustain the valid portion of it, if it can do so without violating established principles of law. It is well settled that an act may be unconstitutional in some of its provisions and valid in others. Where parts

of a statute are valid and capable of being executed independently of other parts which are invalid, the valid parts may become operative unless the court can say that the legislature intended that they should all be carried into effect as a whole and as conditions and compensations for each other. *Lynch v. Steamer Economy*, 27 Wis. 69; *State ex rel. Walsh v. Dousman*, 28 Wis. 541; *Slauson v. Racine*, 13 Wis. 398, 404.

Sec. 22, art. IV, Const., empowers the legislature to confer on the boards of supervisors of the several counties of the state such powers of a local, legislative, or administrative character as they shall from time to time prescribe. But by sec. 2, art. VII, Const., the power to create and establish such courts as are provided for by ch. 651, Laws of 1907, is exclusively vested in the legislature and must be exercised by it. We do not doubt that a valid option law may be passed providing for the creation of municipal courts. But such a law must be complete and perfect in itself, and must become operative upon a vote which simply adopts its terms. Discretion to say what the law shall be after it is adopted, or to what extent it shall be applicable, may not be conferred on the people of a county or on its board of supervisors. It is here left to the discretion of the county board to say whether there shall be two or more courts in a given county. This is a legislative function which we hold cannot be delegated. The board is given not only the option to adopt the law, but the further option to decide upon the number of courts that may be established under it. This cannot be done. *People ex rel. Bolt v. Riordan*, 73 Mich. 508, 41 N. W. 482; *Pueblo Co. Comm'rs v. Smith*, 22 Colo. 534, 45 Pac. 357, 33 L. R. A. 465; *State v. Nine Justices*, 90 Tenn. 722, 18 S. W. 393.

As we view the law, it does create and establish one municipal court in each county of the state, or at least in such counties as had no municipal court when the act was passed. When a county board votes to adopt its provisions, the law creating the single court becomes effective. Certain adminis-

trative and perhaps other functions are properly conferred on the county board to enable it to execute and carry the law into effect, such as providing an office for the judge and determining his salary and the places where he shall hold court, and the like. These functions could be conferred on the county board of Sawyer county in a special act creating a municipal court for that county, and we have no doubt can be conferred under a general law. *Ryan v. Outagamie Co.* 80 Wis. 336, 50 N. W. 340; *Wentworth v. Racine Co.* 99 Wis. 26, 74 N. W. 551; *Bartlett v. Eau Claire Co.* 112 Wis. 237, 88 N. W. 61. But functions such as these are wide apart from authority to create or legislate a court into existence in the first instance.

No substantial reason occurs to us why the valid portion of this law should not be upheld. The legislature had the laudable purpose in mind of passing one general act applicable to the entire state in lieu of enacting a multitude of special acts limited in their application to a single county. The valid portion of the law will no doubt fulfil the requirements of most of the counties of the state, and it is not apparent how the void portion was any condition or compensation for the passage of the valid part. We conclude, therefore, that the act is valid to the extent of creating and establishing one municipal court in each county of the state, and that to such extent only does it become operative when adopted in the manner therein provided.

The county board by a single resolution adopted the provisions of ch. 651, Laws of 1907, provided for the establishment of a single municipal court, fixed the salary of the municipal judge, designated the places where court should be held, provided for office accommodations, provided that notice of election should be given, and provided for various other matters pertaining to such court. Manifestly the plain mandate of the statute was violated by the adoption of such a resolution. The law required that the board should first

adopt its provisions by resolution, and that thereafter another resolution, separate and distinct from the first, might be adopted providing for one or more courts as the board might determine, and also that the board should determine the place or places where court should be held, and make other necessary provisions to put the law in working operation. Until the law was adopted there was no court to provide for. The legislature had the undoubted right to provide that the law should be adopted before any proceeding should be taken under it, and it has so provided. And it is the opinion of the court that such provision is not merely directory, but is mandatory, and that any action taken towards establishing the court before the resolution was passed accepting and adopting the provisions of the law was premature and without jurisdiction and therefore void. It is true that no particular interim need elapse between the passage of the resolution adopting the law and the subsequent resolution designed to carry the law into effect, and that the presumption is very strong that, if two resolutions had been offered instead of one, both would have been passed. It was entirely reasonable, however, for the legislature to provide that the matter of adopting the law should be voted upon as a separate and distinct proposition. It was also a proper and orderly requirement that the resolution passed for the purpose of carrying the law into effect should be voted upon as a separate and distinct proposition, and not be voted upon until there was some law in force which warranted the passage of such resolution. The cases generally hold that propositions submitted to electors must be submitted singly so as to give the elector an opportunity to record his vote on each separate and distinct proposition submitted. *McBryde v. Montesano,* 7 Wash. 69, 34 Pac. 559; *Truelsen v. Duluth,* 61 Minn. 48, 63 N. W. 714; *Fulton Co. v. M. & W. R. Co.* 21 Ill. 338; *People ex rel. Peoria & O. R. Co. v. Tazewell Co.* 22 Ill. 147, 156.

While the present case is not entirely analogous to those cited, in that a member of the county board would have the right to demand that the resolution offered be divided, and no such demand appears to have been made here, still the principle is a wholesome one even as applied to bodies like county boards. We do not think the board could ignore the plain provisions of the statute in this regard, and, it having done so, we conclude that so much of the resolution as provided for the creation of the court was void.

If the law had been properly adopted and the proper resolution had been passed creating the court, it would be beyond the power of a county board by subsequent resolution to rescind its action, at least in the absence of express legislative authority so to do. To hold otherwise would be equivalent to saying that it might repeal a law of the legislature of the state which had become operative in the particular county. *Northern T. Co. v. Snyder,* 113 Wis. 516, 533, 89 N. W. 460.

It is argued that the only proceeding attacked is the resolution of the county board of April 2d rescinding its former action, and that if the law was adopted in a legal way then it was beyond the power of the board to undo what had been done, and, if not, no injury resulted from reversing the action of the county board in passing a resolution which served no useful purpose. We think it was proper for the board to expunge from its records, in so far as it could, the former resolution passed by it, which was at least void in part. We do not hold that so much of the resolution of March 2d as adopted the provisions of the act in question may not be valid; and, if valid, it could not be repealed by the action subsequently taken. It was proper, however, to rescind so much of the resolution as we hold to be void for the reasons herein stated.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the proceedings.