STATE EX REL. SMITH, Appellant, vs. COUNTY BOARD OF
   OUTAGAMIE COUNTY, Respondent.

*September 20—November 15, 1921.*

*Courts: Special municipal courts: Creation by county board: Re-
   scission of action: Sufficiency of resolution: Good faith of
   county board: Presumption: Constitutional law: Presumption
   of validity of statute: Delegation of legislative power:
   Judges: Change of compensation during term.*

1. Under sec. 2523—2, Stats., authorizing the county board of
   supervisors of any county to adopt the provisions of secs.
   2523—1 to 2523—21, inclusive, and to provide for a special
   municipal court or courts as provided therein, and by resolu-
   tion at any time thereafter to rescind its action and abolish
   the same, it was competent for a county board to adopt the
   statute, determine the place or places where the judge should
   hold his office, and provide suitable quarters therefor; and its
   action in adopting the statute by resolution, and by a further
   resolution providing for a special municipal court to be held
   in certain named places in the county, was authorized. The
   statute was a valid enactment although operative only after a
   resolution adopting it. *State ex rel. Williams v. Sawyer Co.*
   140 Wis. 634.

2. Said sec. 2523—2 does not, so far as it authorizes the county
   board to rescind its action, unconstitutionally delegate legis-
   lative power to the board, notwithstanding sec. 2, art. VII,
   Const., relative to the establishment of inferior courts, since
   the question of rescinding such action involves a question of
   fact whether the court is any longer necessary.

3. The legislature cannot delegate its general power to legislate,
   conferred by the constitution, but it may authorize many
   things to be done by others which it might properly do itself
   if it were practicable.

4. The validity of a statute must be presumed until the violation of
   the constitution is shown beyond reasonable doubt, especially
   where to hold the statute unconstitutional would cast serious
   doubt on numerous other statutes.

5. A resolution declaring that the members of the county board
   were in favor of abolishing the court theretofore established,
   and directing that no county order be drawn or paid for any
   salary or other expense in connection with the court, suf-
   ficiently indicated an intention to rescind the former action
   of the board in adopting the statute.

6. It was within the discretion of the county board to rescind its action in adopting the statute providing for special municipal courts, and it cannot be presumed that the members of the board acted in bad faith.

7. Sec. 26, art. IV, Const., providing that the compensation of public officers shall not be increased or diminished during their term of office, has no application to the action of a county board of supervisors in rescinding its previous action adopting the statute providing for special municipal courts, as the office of judge of such court is not a constitutional office, but one which may be created and abolished by the legislature at will. Said sec. 26 applies only to officers having a fixed salary from the state.

APPEAL from an order and a judgment of the circuit court for Outagamie county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *E. C. Smith* of Seymour, and for the respondent on that of *F. V. Heinemann* of Appleton, district attorney.

JONES, J. This is an appeal from an order quashing a writ of *certiorari,* and judgment sustaining action of the county board of supervisors of *Outagamie County.*

The petition alleged that on the 10th of March, 1916, the county board for said county duly adopted the provisions of secs. 2523—1 to 2523—21, inclusive, of the Revised Statutes, and afterward duly provided for a special municipal court for said county, and "designated the said city of Seymour and the villages of Black Creek, Shiocton, and Bear Creek as the place of holding said court," and that on the 4th of April, 1916, petitioner was duly elected judge of said court for four years commencing June 4, 1916; that he duly qualified and had ever since performed the duties of the office; that on December 6, 1917, the county board passed a resolution abolishing said court and instructed the county clerk that no more county orders be drawn or payments made for salary or expense; and that the county board has since refused to pay the salary. Petitioner alleges that the

said action of the county board was unconstitutional and void. The last resolution of the county board was entitled "Resolution to abolish special municipal court." The material parts were:

"Whereas, there is at the present time located in *Outagamie County* what is known as the First Special Municipal Court, created under sections 2523—1, 2523—21, of the Wisconsin Statutes, under an act which provides that county boards may create or abolish such municipal courts; and

"Whereas, no report has been submitted to this board relative to any transaction during the time this court has been in existence; and

"Whereas, from all information available, no county business has been brought before this court at any time since same was established:

"Now, therefore, be it *Resolved,* that we, members of the Outagamie county board of supervisors, in annual session assembled, are in favor of abolishing this court; and

"Be it further *Resolved,* that no county order be drawn or paid for any salary or other expense in connection with this municipal court."

The sections of the statute applicable are as follows:

"Section 2523—1. There is hereby created and established in each county of this state one or more courts, as may be provided for, to be known and designated as special municipal courts and with the powers and jurisdiction as hereafter provided.

"Section 2523—2. The county board of supervisors of any county may, by a majority of all members-elect, adopt the provisions of sections 2523—1 to 2523—21 inclusive, by resolution, and upon such adoption may thereafter, in like manner and upon a like vote, provide for a special municipal court or courts as herein provided, to be known and designated as the First (or other numerical designation) Special Municipal Court of ―― County; and by a resolution of said board, adopted by a majority of the members-elect, at any time thereafter rescind its action and abolish the same; and such board shall determine the place or places where the judge of any such court shall hold his office and provide suitable quarters therefor. Such court shall be provided

with an official seal, necessary dockets and records, stationery and blanks."

Sec. 2523—3 provides for the mode of election, the term of office, and prescribes the terms of eligibility. Other sections relate to the jurisdiction and other subjects. The original statute, which went into effect in 1907, did not contain the clause authorizing county boards to rescind their action. This clause was added by amendment in 1909 and before the action of the county board adopting the statute in question. The trial court filed an elaborate opinion and held that it was beyond the power of the legislature to give county boards authority to say in how many different places one court created under the act shall hold court "by giving the county board discretion to determine more than one place where the judge of any such court shall hold his office and create a circuit."

The opinion further stated:

"In this resolution the county board attempted to delegate the power or discretion to the judge elected to determine as to the time and the days when the court shall go to these places designated, and assumed that they had the power to do so. There is but one conclusion, that the act vested in the county boards legislative powers and discretion, and, if so, the law is unconstitutional."

The trial court was of the opinion that if the law should be held constitutional the resolution of the board abolishing the court would be valid. The judgment quashing the writ proceeded on the theory that the county board had the right to abolish the court since the law under which they had acted was unconstitutional and it was their duty to rescind their action.

We are relieved from the necessity of any elaborate discussion of some of the questions involved in this case by the decision in *State ex rel. Williams v. Sawyer Co.* 140 Wis. 634, 123 N. W. 248. That was also a writ of *certiorari*, brought to review the action of the county board of Sawyer

county in rescinding a former resolution adopting the provisions of the same statute as it then existed. In that case the same resolution both adopted and undertook to create a special municipal court for said county. In the opinion of the court by Mr. Justice BARNES it is said:

. "We do not doubt that a valid option law may be passed providing for the creation of municipal courts. But such a law must be complete and perfect in itself, and must become operative upon a vote which simply adopts its terms. Discretion to say what the law shall be after it is adopted, or to what extent.it shall be applicable, may not be conferred on the people of a county or on its board of supervisors. It is here left to the discretion of the county board to say whether there shall be two or more courts in a given county. This is a legislative function which we hold cannot be delegated. The board is given not only the option to adopt the law, but the further option to decide upon the number of courts that may be established under it. This cannot be done. *People ex rel. Bolt v. Riordan,* 73 Mich. 508, 41 N. W. 482; *Pueblo Co. Comm'rs v. Smith,* 22 Colo. 534, 45 Pac. 357, 33 L. R. A. 465; *State v. Nine Justices,* 90 Tenn. 722, 18 S. W. 393.

"As. we view the law, it does create and establish one municipal court in each county of the state, or at least in such counties as had no municipal court when the act was passed. When a county board votes to adopt its provisions, the law creating the single court becomes effective. Certain administrative and perhaps other functions are properly conferred on the county board to enable it to execute and carry the law into effect, such as providing an office for the judge and determining his salary and the places where he shall hold court, and the like. These functions could be conferred on the county board of Sawyer. county in a special act creating a municipal court for that county; and we have no doubt can be conferred under a general law. *Ryan v. Outagamie Co.* 80 Wis. 336, 50 N. W. 340; *Wentworth v. Racine Co.* 99 Wis. 26, 74 N. W. 551; *Bartlett v. Eau Claire Co.* 112 Wis. 237, 88 N. W. 61. But functions such as these are wide apart from authority to create or legislate a court into existence in the first instance.

"No substantial reason occurs to us why the valid portion

of this law should not be upheld. The legislature had the laudable purpose in. mind of passing one general act applicable to the entire state in lieu of enacting a multitude of special acts limited in their application to a single county. The valid portion of the law will no doubt fulfil the requirements of most of the counties of the state, and it is not apparent how the void portion was any condition or compensation for the passage of the valid part. We conclude, therefore, that the act is valid to the extent of creating and establishing one municipal court in each county of the state, and that to such extent only does it become operative when adopted in the manner therein provided."

It was held, however, in that decision that the resolution of the county board was invalid because it violated the plain mandate of the statute requiring that the board should first adopt its provisions by resolution, and by a separate resolution provide for the court and the time and places where it should be held, and make the necessary provisions to put the law into operation. It will be seen that according to that decision it was competent for the county board of *Outagamie County* to adopt the statute and to determine the place or places where the judge should hold his office and provide suitable quarters therefor. When that decision was written the statute contained no clause authorizing county boards to rescind their action, and it was in that state of the statute that the following language was used:

"If the law had been properly adopted and the proper resolution had been passed creating the court, it would be beyond the power of a county board by subsequent resolution to rescind its action, at least in the absence of express legislative authority so to do. To hold otherwise would be equivalent to saying that it might repeal a law of the legislature of the state which had become operative in the particular county. *Northern T. Co. v. Snyder,* 113 Wis. 516, 533, 89 N. W. 460." *State ex rel. Williams v. Sawyer Co.* 140 Wis. 634, at p. 641 (123 N. W. 248).

In that decision the court adhered to the familiar rule often declared by this court that "the legislature cannot dele-

gate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend."

Numerous illustrations could be given where statutes have been passed of which the parties interested are at liberty to avail themselves or not at their option. A familiar example is that of the primary election law, which was to become operative only on the approval of a majority of the electorate. *State ex rel. Van Alstine v. Frear,* 142 Wis. 320, 125 N. W. 961. Another was the act making a change to the commission form of government dependent upon a vote of the municipality. See *State ex rel. Bloomer v. Canavan,* 155 Wis. 398, 145 N. W. 44. By sec. 694a, Stats. 1898, county boards were authorized to change by resolution the method of compensating sheriffs from the fee system there prescribed by law to the salary system. In *Northern T. Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460, it was held that in the absence of express statutory provision the board had no power to change back after adopting the salary system. It was said that where the law-making power in enacting an option law has intended to give both the power of adoption and rescission, both powers have been expressly given. For many years there remained in our Revised Statutes a provision, sec. 552, that the voters of towns and villages might adopt by election the township system of school government, and that by vote they might abolish it. We have a statute by which county boards by resolution may abolish all distinction between county poor and town, city, and village poor in the county and have the expense of maintaining all the poor therein a county charge, and by a similar vote repeal the resolution. Secs. 49.15, 49.16, Stats. Under most of the state constitutions, when the sale of intoxicating liquors was not entirely prohibited, it has been held that the question of authorizing the sale of liquor within a given locality may be left to the determination of the voters thereof. 12 Corp.

Jur. p. 867. In this state by statute the voters were given the power to vote to prevent the granting of licenses and afterward to reverse such action. Secs. 1565a, 1565b, Stats. Other instances might be cited where the legislature has enacted statutes long acquiesced in, depending for their execution upon some contingency, as the approval of the people, or boards, or municipal bodies.

Under the decision already quoted it seems clear that the county board had the authority delegated by the legislature to adopt the statute in question, and that in adopting it they had proceeded regularly. The question of more difficulty is whether they had the power to rescind their action. When the board adopted the statute their action involved the exercise of judgment and discretion. When the resolution of acceptance was presented they were called on to consider whether the proper administration of justice in *Outagamie County* required that a new court should be provided for. The statute permitting their action was not mandatory. It is true that it was a complete enactment, but it was left to the county board to determine whether the county should avail itself of the statute. After this determination the county board had the further discretion to determine the place or places where the judge should hold his office, and provide suitable quarters, and determine whether the fees to be taxed should all be paid to the county or retained by the judge, and what his salary should be. Evidently there was a delegation to the county board of important powers apart from the mere adoption of the statute, and except as to the clause authorizing more than one court, which is not here involved, this court has sustained the constitutionality of the act as it existed before the amendment adding the authority to rescind.

When the resolution to rescind was offered there was presented to the board the question of fact whether the situation had so changed that it was no longer necessary to provide for the court. There was also presented the question of fact whether the judge had filed the reports as to fees required

by the statute as a condition of recovering his compensation for his services.

In the interval between the adoption of the first two resolutions and the last, the legislature had enacted a statute depriving the court of all criminal jurisdiction. So far as the record shows, the amount of civil business transacted had been small indeed. The county board evidently came to the conclusion that the office of judge of the special municipal court was little more than a sinecure and that by the express language of the statute they had the right to rescind their former action.

It is claimed by the appellant that in adopting the provisions of the statute the board exhausted the powers delegated by the legislature, and that the legislature had no power under the constitution to delegate the power to rescind the former action. Of course it must be admitted that the legislature cannot divest itself of the general power to legislate which the constitution confers. It cannot delegate its general legislative authority. But the instances already cited show that, while the legislature cannot deprive itself of its proper functions, it may authorize many things to be done by others which it might properly do itself if it was practicable. We are convinced that the right to rescind the resolutions in question was no more an exercise of legislative power than the resolutions themselves. It may be conceded, as intimated in several decisions, that there was no implied power to retreat from the action the board had taken in adopting the provisions of the statute. *State ex rel. Williams v. Sawyer Co.* 140 Wis. 634, 123 N. W. 248; *Northern T. Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460. But we construe these decisions as implying, though they do not decide, that an express delegation of such power would be valid.

Appellant relies on sec. 2, art. VII, of the constitution, which provides that the legislature shall have power to establish inferior courts in the several counties and to provide for the election of judges of municipal courts.

It would hardly be claimed that in establishing such courts

the legislature may not use the agency of the county boards in the several counties. ˙ Nor would it be claimed that the legislature divests itself of power to abolish such courts after they are created. There is no language in this article which provides the mode of establishing these courts or the mode of their abolition. We see no good reason why the same method and agency used for their establishment may not be used for their disestablishment where legislative sanction is expressly given.

The power of the legislature over courts of inferior jurisdiction was thus stated by Mr. Justice TAYLOR in *State ex rel. Martin v. Kalb,* 50 Wis. 178, at p. 188 (6 N. W. 557):

"As an inferior court of civil and criminal jurisdiction, it is the creature of the statute and not of the constitution. It was a court which the constitution permitted the legislature to create and did not prevent it from destroying. The legislature had, therefore, plenary power over that court. It could create or destroy it at its pleasure; and this power of creating or destroying these courts at the will of the legislature has never been questioned and has been frequently exercised."

In determining whether the clause of the statute attacked is unconstitutional we must bear in mind the familiar rule of construction that we must presume in favor of its validity until the violation is shown beyond reasonable doubt. There seems special reason for regarding this rule in this case, since to hold the statute unconstitutional would cast serious doubt on numerous statutes where the legislature has delegated to county boards and other bodies the power to act in the performance of important duties and also the right to rescind their action.

It is contended by the appellant that the resolution of December 10, 1917, was inoperative because it did not follow the language of the statute, but merely registered a sentiment favorable to the abolition of the court and instructed the clerk to withhold payment of salary and expenses. The statute does not prescribe the form of the resolution to be

State ex rel. Smith v. Outagamie Co. 175 Wis. 253.

adopted by the board in rescinding its action. It seems clear to us that although the resolution might have been framed in more appropriate language, the clear intention was to rescind the former action of the board. In the case of *Burgess v. Dane Co.* 148 Wis. 427, 134 N. W. 841, in the opinion by Mr. Justice VINJE it was said, page 436:

"Presumably the board intended to comply with the provisions thereof and to make the change as the statute required. Such presumption must prevail unless the language used is wholly inconsistent therewith. In the case of minor deliberative bodies such as county boards, the language of their resolutions will receive a liberal construction in order to effectuate their evident intent. No technical grammatical interpretation will control. *Hark v. Gladwell,* 49 Wis. 172, 5 N. W. 323; *Wis. Cent. R. Co. v. Ashland Co.* 81 Wis. 1, 13, 50 N. W. 937."

It is also urged by the appellant that there was lack of good faith and any legitimate excuse for the action of the county board in passing the resolution. We are convinced that it rested in the discretion of the county board to take such action as they did for the reasons already stated, and that we cannot presume that they acted in bad faith.

The claim is made by appellant that the action of the county board was in violation of sec. 26, art. IV, of the constitution, which provides that the compensation of public officers shall not be increased or diminished during their term of office.

For this proposition cases are cited where the office and term of office are prescribed by the state constitution. But this provision of the constitution does not apply, since the office of judge of the special municipal court is not a constitutional office, but one which may be created and abolished by the legislature at will. *State ex rel. Martin v. Kalb,* 50 Wis. 178, 6 N. W. 557. Moreover, it has also long been held by this court that the clause of the constitution under discussion applies only to officers having a fixed salary from the state. *Milwaukee Co. v. Hackett,* 21 Wis. 613; *Rooney v.*

*Milwaukee Co.* 40 Wis. 23, 26; *State ex rel. Sommer v. Erickson,* 120 Wis. 435, 98 N. W. 253.

Although our conclusion is based on reasons quite different from those expressed by the trial court, we reach the same result, namely, that the action of the county board rescinding their former action was valid.

*By the Court.*—Judgment affirmed.

ROSENBERRY, J., dissents.