## PETITION OF BREIDENBACH and others.

*December 13, 1933—January 24, 1934.*

*Walter D. Corrigan, Sr., Maxwell H. Herriott,* and *J. H. Beuscher,* all of Milwaukee, for the petitioners.

*William A. Zabel,* district attorney of Milwaukee county, and *Oliver L. O'Boyle,* corporation counsel, for Milwaukee county and *George F. Breitbach,* county clerk.

The *Attorney General* and *Joseph G. Hirschberg*, deputy attorney general (*Mary Eschweiler* of Madison of counsel), for the State as *amicus curiæ.*

The following opinion was filed January 24, 1934:

WICKHEM, J. The facts relating to this controversy, other than those heretofore recited, need not be set forth in detail. Suffice to say that the petitioners, at the time of the controversy in question, were receiving, in addition to payments from the state treasury, $1,000 per annum under the mandatory provisions of sec. 252.07, sub. (4), Stats., and $1,000 per annum under the provisions of sub. (5) of the same section, which reads as follows:

"(5) In every county having a population of five hundred thousand or more, and containing an entire judicial circuit, for which more than one judge is provided by law, the county may pay to each such judge, during terms of office commencing after the first day of January, 1924, a sum of one thousand dollars per annum, payable monthly, out of the treasury of said county, as compensation in addition to the salary paid to such judges out of the state treasury and the salary paid to them out of the treasury of said county, pursuant to subsection (4) of section 252.07."

The controversy arose out of the attempt on the part of the county to retrench by reducing public expenditures in view of the present condition of financial stringency. The petitioners offered voluntarily to waive twenty-five per cent. of the sum received from the county. This voluntary waiver was not deemed sufficiently large by the county board, and ultimately the question arose as to whether the county should or could properly pay the extra compensation at all, and if it could, whether it could not also elect to cease paying this extra amount whenever in the judgment of the board such a step seemed a wise measure of public economy. These facts are important only in so far as they go to show that there is a genuine controversy, and that it may be proper

for this court to entertain the action so far as the declaratory judgment law is concerned. *Heller v. Shapiro,* 208 Wis. 310, 242 N. W. 174; *Village of Sun Prairie v. Wisconsin Power & Light Co.* 213 Wis. 277, 251 N. W. 605.

The first question is whether this court should take jurisdiction. The petitioners rely upon the fact that the instant case·involves a matter *publici juris;* that the remedy in the lower courts is lacking or inadequate, and that a situation is presented where jurisdiction must be taken or justice denied. The petitioners constitute all of the judges of the Second judicial circuit. It is pointed out that this circuit contains more than one-fourth of the population of the state, more than thirty per cent. of the value of assessed property of the entire state, and is the situs of more than fifty per cent. of the entire net taxable income received by residents or derived from property located or business transacted in the state. It is further claimed that since sec. 252.071 authorizes the county board in judicial circuits containing a city or cities of the population of 40,000 or more to contribute to the salary of its circuit judge, the petitioners do not deem it appropriate to bring this action for declaratory judgment before any circuit judge of this state. Since this case involves important questions concerning the delegation of legislative power, and since the power of the county board to decrease the salary of circuit judges prescribed by the state legislature is involved, it presents a question *publici juris,* and this, taken with the virtual disqualification of many circuit judges, warrants this court in taking jurisdiction. *Attorney General v. City of Eau Claire,* 37 Wis. 400; *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164; *In re Exercise of Original Jurisdiction,* 201 Wis. 123, 229 N. W. 643.

Upon the merits, two questions are involved: (1) Is sub. (5), sec. 252.07, constitutional? (2) Assuming that it is, may Milwaukee county, having exercised an option to

pay the additional salary therein prescribed, revoke its action and withhold from petitioners the increased compensation provided for by this subsection?

It is not contended by any of the parties hereto that circuit judges are not state officers. That they are, has been held in *Milwaukee County v. Halsey,* 149 Wis. 82, 136 N. W. 139, and *State ex rel. Wickham v. Nygaard,* 159 Wis. 396, 150 N. W. 513. Nor is there any question in this case as to the validity of sub. (4) of the same section, which makes mandatory the payment by Milwaukee county of an extra compensation to the circuit judges in the sum of $1,000. The validity of such a statute has been settled by the case of *Milwaukee County v. Halsey, supra.* The subject was there thoroughly considered, and it may be taken as settled that the legislature may enact a statute giving to the judges of more populous and consequently busier circuits an extra compensation to be paid by the circuit in which such judges are elected and serve. Thus it is only the optional feature of sub. (5) that gives rise to questions concerning its validity.

Coming to the first question, sub. (5) is claimed to be unconstitutional, first, because it violates sec. 7, art. VII, of the Wisconsin Constitution, which provides in part: ". . . Every circuit judge shall . . . receive such compensation as the legislature shall prescribe."

It is also claimed to violate sec. 10, art. VII, Wis. Const., which provides in part as follows:

"Each of the judges of the . . . circuit courts shall receive a salary, payable at such time as the legislature shall fix, of not less than one thousand five hundred dollars annually; they shall receive no fees of office, or other compensation than their salary."

It is contended that under the constitution the legislature must prescribe the salary of the circuit judge, and that the judges must not receive compensation other than their sal-

ary; that sub. (5) of sec. 252.07 permits the county to pay to the judges compensation in addition to their salary, and, at least in part, to prescribe their salary. This is contended to be in direct contravention of the two sections named, and to constitute an invalid delegation to the county board of legislative powers conferred by the constitution solely upon the legislature. It is the contention of the petitioners that sub. (5) of sec. 252.07 merely grants to the county board of a county coextensive with such a circuit as is described in the section, the right to elect to pay or not to pay the additional compensation, and that this constitutes a valid option statute under the doctrine of *In re Oliver,* 17 Wis. 703,*681; that the subsection fulfils the requirements of the Wisconsin cases that such statutes must be complete in themselves, leaving nothing to be done except the exercise of the right to make them operative. *State ex rel. Williams v. Sawyer County,* 140 Wis. 634, 123 N. W. 248. *In re Oliver, supra,* involved the constitutionality of a federal statute authorizing the President, at his option, to suspend the writ of *habeas corpus.* In the case of *In re Kemp,* 16 Wis. 382, *359, this court had held that the writ could only be suspended by act of Congress. When the question was raised in the *Oliver Case,* whether the legislature could authorize the President, "whenever in his judgment the public safety may require it," to suspend the privilege of the writ of *habeas corpus,* Mr. Justice PAINE, writing the opinion of this court sustaining the validity of the federal act, stated:

"Upon this language and that of the remainder of the section, which is of a similar character, I doubted whether the act could be sustained. But a law must not be judged by its artificial structure merely, but according to its substance and effect."

The court determined that although the act in question professed to confer upon the President authority to suspend the writ, whenever in his judgment the public safety should

require it, the act itself is an expression of legislative judgment that the time had already arrived when the public safety required the legislature to provide for a suspension, and that it does provide for a suspension, not absolute, but to take effect according to the judgment of the President, whether the authority conferred should be exercised in particular cases or not. It was decided that although the language of the act "affords stronger ground for a mere verbal argument that it was an attempt to transfer the entire legislative function to the executive, its real substance and effect are the same as they would have been in the form supposed. The law itself suspends the right in those cases where the President, in the exercise of the discretion conferred upon him, elects to have it suspended."

The subject of option statutes was reviewed by Mr. Justice WINSLOW in the case of *Adams v. City of Beloit,* 105 Wis. 363, 81 N. W. 869. He there states:

"A law otherwise unobjectionable is not invalid simply because power is given to some local officials or body of electors to determine the existence of a fact upon which it shall go into effect in the given locality, if the law itself is a complete law upon the statute books. This is not the delegation of power to make a law, but simply the delegation of power to determine or ascertain some fact upon which the action of the law which is complete in itself is to depend."

In *State ex rel. Williams v. Sawyer County, supra,* a statute authorized a county to create "one or more courts, as may be provided for," by a resolution of the county board. The court held that the power to create inferior courts is exclusively vested in the legislature and that the power to create more than one court, contained in the statute under examination, constituted an attempt to vest legislative power in the county boards contrary to the constitution. In spite of this the statute was sustained as an option law in so far

as it had to do with the establishment of one court, since it was complete in itself, and merely gave the county the option to make it operative and applicable to the county. The exercise of this option was held not to be an exercise of legislative power in any sense.

It is contended that the following statement of this court in *State ex rel. Attorney General v. O'Neill,* 24 Wis. 149, aptly describes the situation created by sub. (5) :

"It seems to us that all the legislature has done in the thirty-seventh section above quoted [ch. 401, P. & L. Laws of 1869] was to prescribe the condition upon which the law was to be in full force and effect, and that, when the condition was performed, or the contingency happened, the provisions of the law derive their authority, not from the vote, but from the will of the law-making power."

Under these authorities, does this act constitute a delegation of legislative power? The legislature, under the doctrine of the *Halsey Case,* could provide for a larger salary to be paid to the circuit judges of Milwaukee county than that paid to those in other less populous circuits, and could require that this be paid by the county or circuit. In this section, presently applicable only to Milwaukee county, a further compensation is provided for, which may be paid if the board of supervisors of Milwaukee county elect to pay it. At the outset it may be stated that if the section constitutes a valid option law, it does not violate constitutional provisions requiring that the legislature prescribe the salary of circuit judges, and that they receive no compensation other than their salary. The act prescribes the amount to be paid, and, taken together with such other amounts as have otherwise been provided, constitutes the salary of the circuit judge, even though this portion of it is required to come from the county treasury if it is paid at all. Since the county board is given no discretion as to the amount or manner of payments, it cannot be said that the board is per-

mitted to prescribe the salary except in the sense that it has the power to adopt the law and to make it applicable to Milwaukee county. The validity of a law vesting this power in the county board depends upon the determination whether the act is a valid option law. If it is, then the prescription of salary, in the fullest sense, is by the legislature.

In approaching the consideration of this question, two rules, firmly established and many times recognized, should be restated. The first is that a statute is to be declared unconstitutional only if its repugnance to the constitution is clear and beyond reasonable doubt. *State ex rel. City of Milwaukee v. Milwaukee E. R. & L. Co.* 144 Wis. 386, 129 N. W. 623; *Lawrence University v. Outagamie County*, 150 Wis. 244, 136 N. W. 619. The second is that if a law is open to two constructions, that construction which will save it from condemnation will be adopted in preference to one which renders it unconstitutional. *Peterson v. Widule*, 157 Wis. 641, 147 N. W. 966; *Palms v. Shawano County*, 61 Wis. 211, 21 N. W. 77; *State ex rel. Chandler v. Main*, 16 Wis. 422, *398; *Atkins v. Fraker*, 32 Wis. 510; *Attorney General v. City of Eau Claire*, 37 Wis. 400; *State v. City of Eau Claire*, 40 Wis. 533; *Bound v. Wis. Cent. R. Co.* 45 Wis. 543. The latter rule applies even though a different construction would be more obvious or natural. *Johnson v. City of Milwaukee*, 88 Wis. 383, 60 N. W. 270.

In the light of these established principles it must be held that while here, as in the *Oliver Case*, there is ground for a "verbal argument" that this section constitutes an attempt improperly to vest legislative power in the county board, it is in fact and in substance merely a legislative recognition of changing conditions in Milwaukee county justifying increased compensation to judges of the circuit court, to be paid out of the county treasury, and that it was intended to vest in the county board merely an option to adopt the law. The amount, manner, and source of payment of the

additional amount are prescribed. So are the terms of office to which the increase may apply. It is true that the section does not involve much detail, and this, together with its form, gives some color to the argument that the whole law consists of nothing more than an authority to pay increased salary. But the section does completely dispose of such detail as is involved in the matter of judicial salaries. Its simplicity is due to the fact that the subject matter does not call for elaborate treatment, and not to an intention to leave to the county board any discretion other than the option to adopt its provisions. There is no doubt that the section could have been so phrased as to make the conclusion that an option law was intended literally inescapable, and it is only the failure to do this that opens the way for an argument that a delegation of legislative power was intended and attempted.

Looking to the substance rather than to the form, and applying principles heretofore discussed as applicable where the constitutionality of a statute is involved, it must be held that the section is and was intended as a valid option law, and that it no more vests legislative power in the county board than did the statute involved in the case of *State ex rel. Williams v. Sawyer County, supra,* when it authorized the county to create one or more courts as might be provided for by the county board, and this court sustained the law in so far as it gave the county the right to exercise the option of establishing one court.

Being an option statute, the second contention, principally urged by Milwaukee county, must fail.

In the case of *Northern Trust Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460, the court said that "the power to adopt is a special, limited power, which, when once executed, is exhausted." The court held the power to give effect to an option law does not carry with it, by implication, the power to abolish it. To the same effect see also *State ex rel. Wil-*

*liams v. Sawyer County, supra.* The rule is otherwise where the option statute contains authority to revoke the option. *State ex rel. Smith v. Outagamie County,* 175 Wis. 253, 185 N. W. 184. The section under examination contains no authorization to the county board to rescind.

*By the Court.*—It is declared and adjudged that sub. (5) of sec. 252.07, Stats., is a valid option law, and that it is not within the power of the county board to rescind its ordinance adopting the law.

FRITZ and FAIRCHILD, JJ., took no part.