ROBERT P. RUSSELL, Corporation Counsel, Milwaukee County
You request my opinion on the following question:
"May the Milwaukee County Board under the authority granted to it by Chapter 405, Laws of 1965, change the provisions of the Milwaukee County Employes' Retirement System so as to provide a pension payable to circuit court judges based not only on the salary *Page 150 
supplement paid by Milwaukee County, but also on the salary paid by the State?"
Chapter 405, Laws of 1965, reads in part:
"(Chapter 201, Laws of 1937) Section 21. For the purpose of best protecting the employes subject to this act by granting supervisory authority over each retirement system created hereunder to the governmental unit most involved therewith, it is declared to be the legislative policy that the future operation of each such retirement system is a matter of local affair and government and shall not be construed to be a matter of state-wide concern. Each county which is required to establish and maintain a retirement system pursuant to this act is hereby empowered, by county ordinance, to make any changes in such retirement system which hereafter may be deemed necessary or desirable for the continued operation of such retirement system, * * *"
Milwaukee County was thereby granted home rule authority to change the provisions of the Milwaukee County Retirement System. Such authority was granted under Art. IV, sec. 22, Wis. Const., which provides:
"The legislature may confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe."
Additionally however, ch. 77, Laws of 1945, specifically provided for inclusion of state employes in the Milwaukee County system to the extent of the compensation paid by the county. Such chapter reads in part:
"* * * provided that an employe of the state who is a member of a state pension system but who receives part of his compensation from the county shall be entitled to membership in the retirement system and to receive the benefits thereof but only to the extent of the amount of compensation so paid by the county * * *"
You have stated your interpretation of the apparent conflict between this general grant of home rule power and the specific direction as to how state employes are to be included as follows:
"While the above law gives broad powers to make changes which may be necessary or desirable for the continued operation of the *Page 151 
system, we do not believe that it authorizes the County to remove limitations previously established by the legislature upon membership in the system.
"The introductory paragraph of the pension system determines the class or classes of persons eligible for membership in the system. There is no indication that the legislature in granting home rule powers intended to authorize the County to enlarge the class of persons for whose benefit the system was established. For example, we do not believe that the legislature intended the home rule powers to permit the County to admit state employes who do not receive part of their compensation from the County, or persons who perform services for the County on a contractual basis, but are not County employes, or employes of the federal government who receive part of their compensation from the County, or medical personnel not employed by the County but performing services at the County institutions. If the County may not enlarge the class of persons eligible for membership, it may not remove the limitations placed upon a particular class of persons by the legislature."
I agree with your analysis both under the reasoning given and for the additional reason that compensation or circuit judges is probably a matter of state-wide and not of local concern.
Three sections of the Wisconsin Constitution bear directly upon the setting of compensation of circuit judges. Such sections are:
Sec. 7, art. VII: "* * * Every circuit judge shall * * * receive such compensation as the legislature shall prescribe."
Sec. 10, art. VII: "Each of the judges of the supreme and circuit courts shall receive a salary, * * * they shall receive no fees of office, or other compensation than their salary. * * *"
Sec. 26, art. IV: "* * * nor shall the compensation of any public officer be increased or diminished during his term of office.* * *"
Sections 252.016 (2) and 252.071 (1), Stats., authorize counties to supplement the salary of the subject circuit judges. This fails to support an argument that compensation of such judges is a matter of local concern. In Petition of Breidenbach (1934),214 Wis. 54, 252 N.W. 366, the court held that a statute authorizing Milwaukee *Page 152 
County to supplement the salary of circuit judges by $1000 per annum was a valid option law. The court stated at pages 62 and 63:
"In the light of these established principles it must be held that while here, as in the Oliver Case, there is ground for a `verbal argument' that this section constitutes an attempt improperly to vest legislative power in the county board, it is in fact and in substance merely a legislative recognition of changing conditions in Milwaukee county justifying increased compensation to judges of the circuit court, to be paid out of the county treasury, and that it was intended to vest in the county board merely an option to adopt the law. The amount, manner, and source of payment of the additional amount are prescribed. So are the terms of office to which the increase may apply. It is true that the section does not involve much detail, and this, together with its form, gives some color to the argument that the whole law consists of nothing more than an authority to pay increased salary. But the section does completely dispose of such detail as is involved in the matter of judicial salaries. Its simplicity is due to the fact that the subject matter does not call for elaborate treatment, and not to an intention to leave to the county board any discretion other than the option to adopt its provisions."
In Muench v. Public Service Commission (1952), 261 Wis. 492,55 N.W.2d 40, the court indicated that, as used in Art. IV, sec. 22, Wis. Const., the word "local" modifies "legislative character" and therefore includes only matters which primarily affect the people of the locality in contrast to matters of state-wide concern. Circuit judges are state officers. State ex rel.Sullivan v. Boos (1963), 23 Wis.2d 98, 126 N.W.2d 579. The question under Art. IV, sec. 22 then is whether the retirement benefits of circuit judges in Milwaukee County are a matter of state-wide concern and as such not delegable to Milwaukee County. There is the local interest here of home rule of the Milwaukee County retirement system and the state-wide interest of substantial uniformity of benefits of circuit judges. The "paramount interest" test of Muench v. Public Service Commission,supra, is applicable to this situation. Such test is set forth on pages 515f-515g as follows:
"As to some subjects of legislative action it is possible to say that they are exclusively of state-wide concern, while others may be *Page 153 
fairly classified as entirely of local character, affecting only the interests of the people in a particular locality of the state. However, as to many subjects of legislative action it isnot possible to fit them exclusively into one or the other ofthese two categories. The right to fish and hunt, or to enjoy scenic beauty, as an incident to the right to navigate the navigable waters of this state (which is the subject of legislative action in the instant case) is an example of a type of legislation which affects the interests of the people of the entire state, as well as those of a particular county. * * *
"It would therefore seem that the test which ought to be applied in determining the validity of delegation of legislative power in such a case is that of paramount interest." (Emphasis added)
Substantial equality in treatment of retirement contributions from salaries of circuit judges throughout the state has been established by the legislature. Section 252.071 (1), provides for contributions into the Wisconsin Retirement Fund based upon supplemental salaries paid to circuit judges of counties other than Milwaukee. Such section, of course, excludes Milwaukee Circuit Judges since ch. 201, Laws of 1937, as amended provides for participation in the Milwaukee Retirement Fund on the basis of the Milwaukee County portion of the judges' salary.
It is my opinion, based upon the above discussion, that Milwaukee County is not empowered by ch. 405, Laws of 1965, to provide a pension to circuit judges based upon the salary paid by the state. Compensation of circuit judges is in my view a matter of statewide concern and the legislature has therefore not delegated general authority over this aspect of the compensation of such state officers.
RWW:WMS