STATE EX REL. ZIMMERMAN, Secretary of State, Petitioner, vs. CARPENTER, County Judge, and others, Respondents.

*April 16—April 18, 26, 1949.*

620

For the petitioner there was a brief by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and oral argument by the *Attorney General* and *Mr. Honeck.*

For the respondent Quincy V. Doudna there was a brief by *Fisher, Reinholdt & Peickert* of Stevens Point, and oral argument by *R. T. Reinholdt.*

BROADFOOT, J.   Sec. 12.10, Stats., reads as follows:

"The name of a candidate chosen at a primary or otherwise shall not be certified or printed on the official ballot for the ensuing elections, unless there has been filed by or on behalf of said candidate and by his personal campaign committee, if any, the statements of accounts and expenses relating to nominations required by this chapter up to the time for such certification.    The foregoing shall not prevent the placing of the name of a candidate upon the official ballot if such statement shall be filed at least sixty days before the primary, or within seven days after the latest time otherwise provided by law, accompanied by an order approving such filing, which is hereby authorized to be made by the presiding judge of any court of record of this state, upon his being satisfied of the truth of an affidavit made by the candidate or by a member of his personal or campaign committee, in his behalf and duly authorized by him, setting forth the facts with regard to the omission to file such statement and showing that such omission was not intentional, which affidavit shall accompany such order and both be filed with such statement.    On the petition of any elector entitled to vote for or against such candidate such order may be reviewed and set aside in a proceeding as provided in section 12.22."

The statute is a drastic one and contains no exceptions. This section, if considered by itself and given a literal con-

struction, would bar a successful candidate from having his name certified or printed on the official ballot for the ensuing election for any trivial violation of any provision of the statute, no matter how unimportant. In the case before us there was not a strict compliance with the statute. The financial statement was not filed in the office of the secretary of state within the time limited, nor was it mailed within the time prescribed by the statute. Had the court order been made and filed by April 5th the defect would have been cured.

It has been held by this court that sec. 5.01 (6), Stats., must be considered in matters relating to elections. *State ex rel. Pelishek v. Washburn,* 223 Wis. 595, 270 N. W. 541; *Manning v. Young,* 210 Wis. 588, 247 N. W. 61; *State ex rel. Oaks v. Brown,* 211 Wis. 571, 249 N. W. 50. This section reads as follows:

"5.01 *Definition of terms; liberal construction.* The words and phrases in this title, shall, unless the same be inconsistent with the context, be construed as follows: . . .

"(6) This title shall be construed so as to give effect to the will of the electors, if that can be ascertained from the proceedings, notwithstanding informality or failure to comply with some of its provisions."

The history of this provision is carefully reviewed in the case of *State ex rel. Pelishek v. Washburn, supra.* It is there pointed out that this provision was enacted by the legislature after the adoption of the Corrupt Practices Act, and that it is to be construed in connection with all of title II of the statutes, which embraces ch. 12. The legislative mandate is, therefore, that this court is required to construe the provisions of ch. 12, Stats., in the light of the provisions of sec. 5.01 (6) so as to give effect to the will of the electors, if that can be ascertained from all of the proceedings, notwithstanding informality or failure to comply with some provision thereof.

"It is to be noted that the language of the first sentence is 'unless the same be inconsistent.' It is not provided 'if it be in conflict.' If it so provided or were so construed the provisions of sub. (6) would be useless. The effect of sub. (6)

is to relax the strict provisions of title II in all cases where , the will of the electors can be ascertained from the proceedings had." *State ex rel. Pelishek v. Washburn, supra,* pp. 603, 604.

The purpose of the provisions of sec. 12.10, Stats., is to give the electors information both before and after a primary or an election as to the source of campaign funds, whether they were expended by the candidate, a committee or club, the amounts expended, and for what purposes funds were expended. An examination of the financial statement shows that it was available for examination in the office of the secretary of state from and after March 31, 1949. If this statement had in fact been mailed on or before 5 p.m. on March 29th, in many post offices within the state of Wisconsin it would not in fact have started on its journey to Madison until March 30th and would not have been received there until March 31st, nor would the information it contained have been available to the public and the press prior to the time it was available to them here. If it had been accompanied by the court order it could have been filed on the day of the primary itself and the public would have been deprived of this information prior to the primary.

The will of the electors can be ascertained from the proceedings. The electors of the state have determined by their votes that the name of the respondent Doudna be certified and placed upon the ballots for the election to be held on May 3, 1949. When the facts are viewed in the light of the will of the electors so expressed and of the legislative mandate to give a liberal construction to the provisions of sec. 12.10, Stats., we find that respondent Doudna has substantially complied with the provisions of that section as to filing his preprimary-election financial statement and is entitled to have his name certified and placed upon the ballot.

As previously stated, the mandate in this case was filed on April 18, 1949.

FAIRCHILD, J, took no part.