STATE EX REL. SONNEBORN and others, Relators, v. SYLVESTER, County Clerk, and others, Respondents.

*October 21, 1964.*

The cause was submitted for the relators on the briefs of *Foley, Sammond & Lardner,* and *James P. Brody, Marvin E. Klitsner,* and *Timothy C. Frautschi,* all of Milwaukee, and for the respondents on the briefs of *Harold J. Wollenzien,* corporation counsel of Waukesha county, and *Quarles, Herriott & Clemons* of Milwaukee.

PER CURIAM. On May 28, 1964, a petition was filed alleging that sec. 59.03 (2), Stats., providing for the composition of boards of supervisors in all but two counties, offends against the Fourteenth amendment to the constitution of the United States because of the disproportion of representation among the districts represented. Petitioners asked leave to institute an original action in the name of the state, upon their relation, against the County Clerk of Waukesha county and the Board of Supervisors of that county, as well as other respondents. The relief to be sought would be an injunction, restraining respondents from carrying out elections of supervisors under sec. 59.03 (2), and mandamus, compelling the board to weigh the vote of each member in proportion to the population of his district and requiring future elections on a different basis.

The chief justice issued an order requiring respondents to show cause before this court why the petition should not

be granted. The petition and order were personally served on the individual respondents and on the chairman of respondent board.

After oral argument and briefs, we issued an order June 10, 1964. We granted leave to commence an original action for a declaratory judgment and appropriate supplementary relief. We said:

"The original petition on file herein shall be deemed to constitute the complaint in this matter and shall be deemed to constitute an application that this court declare sec. 59.03 (2), Stats., to be unconstitutional as applied to future elections of county boards in all counties of Wisconsin except Milwaukee and Menominee. . . .

"  . . .

"Because of the vital nature of the duties and power of the county boards of the state and the importance of their ability to continue to function without challenge to the validity of their acts, and because it would not be equitable, just, or in the public interest to hold invalid, on the grounds here raised, any actions taken before the institution of this proceeding, or during its pendency, or during a reasonable time thereafter, this court now determines that if our judgment herein should declare invalid the provisions of sec. 59.03 (2), Stats., such declaration will expressly be limited to prospective effect only, after a date following the entry of judgment and to be specified therein.

"The application for mandamus and for injunction as contained in the original petition and all questions relating to the relief which might be granted herein are reserved for subsequent consideration, if such matters shall become relevant."

We also fixed a schedule for responsive pleadings and required petitioners to give notice to the county clerk of every county which might be affected.

Respondents County Clerk and County Board demurred to the complaint, asserting two grounds, numbered 1 (a)

and 1 (b), challenging jurisdiction, and a further ground, that the complaint does not state facts sufficient to constitute a cause of action.

Ground 1 (a) asserts, in substance, that the court lacks jurisdiction over the persons of demurring respondents because no summons has been served upon them.

Ground 1 (b) asserts, in substance, that the court lacks jurisdiction over the subject matter because the constitution does not authorize an original action in this court for declaratory judgment.

1. *Original jurisdiction to grant a declaratory judgment.* The expanding view of the original jurisdiction of this court was expounded with care by Mr. Justice WICKHEM in *Petition of Heil* in 1939.[1] It was there said:

"We think it must follow from the later cases in this court that sec. 3, art. VII, of the constitution, contemplates that the supreme court exercise its judgment and discretion in taking jurisdiction of cases so importantly affecting the rights and liberties of the people of this state as to warrant such intervention."

The scope of the jurisdiction of this court is limited only in those terms.

In several cases this court has exercised original jurisdiction over a justiciable controversy by entertaining an action for declaratory judgment.[2]

---

[1] 230 Wis. 428, 445, 284 N. W. 42.

[2] *Rules of Court Case* (1931), 204 Wis. 501, 236 N. W. 717; *Petition of Breidenbach* (1934), 214 Wis. 54, 252 N. W. 366; *State ex rel. Ekern v. Dammann* (1934), 215 Wis. 394, 254 N. W. 759; *State ex rel. Wisconsin Telephone Co. v. Henry* (1935), 218 Wis. 302, 260 N. W. 486; *State ex rel. La Follette v. Dammann* (1936), 220 Wis. 17, 264 N. W. 627; *Petition of State ex rel. Attorney General* (1936), 220 Wis. 25, 264 N. W. 633; *State ex rel. Martin v. Heil* (1942), 242 Wis. 41, 7 N. W. (2d) 375; *State ex rel. Frederick v. Zimmerman* (1949), 254 Wis. 600, 37 N. W. (2d) 472, 37 N. W. (2d) 473; *State ex rel. Zimmerman v. Carpenter*

In one of these cases, *Petition of State ex rel. Attorney General,* in 1936, parties raised the same objection now urged by demurring respondents, namely, that the constitution does not authorize an original action in this court for declaratory judgment and that the legislature could not enlarge the jurisdiction of this court by authorizing an action for declaratory judgment.

This court decided that its original jurisdiction could be exercised by means of an action for declaratory judgment. It was pointed out that when a justiciable controversy exists, an action for declaratory judgment simply brings the controversy before the court for resolution at an earlier stage than under traditional procedures. It was held that procedural changes in the law do not enlarge the jurisdiction of the court, and stated that, "It is the nature of the controversy presented by the petition which determines whether or not this court will take jurisdiction, not the procedure to be followed by the court after jurisdiction has been taken." (p. 29.)

Demurring respondents urge that *Petition of State ex rel. Attorney General* be overruled, but we consider it sound.

We point out, also, that although we considered it appropriate that this matter be dealt with first in the form of an action for declaratory judgment, we reserved for subsequent consideration the application for mandamus and injunction and other questions as to the relief which might be granted.

(1949), 254 Wis. 619, 37 N. W. (2d) 469; *State ex rel. Reuss v. Giessel* (1952), 260 Wis. 524, 51 N. W. (2d) 547; *State ex rel. Thomson v. Zimmerman* (1953), 264 Wis. 644, 60 N. W. (2d) 416, 61 N. W. (2d) 300; *State ex rel. Smith v. Zimmerman* (1954), 266 Wis. 307, 63 N. W. (2d) 52; *Columbia County v. Wisconsin Retirement Fund* (1962), 17 Wis. (2d) 310, 116 N. W. (2d) 142; *State ex rel. Thompson v. Gibson* (1964), 22 Wis. (2d) 275, 125 N. W. (2d) 636; *State ex rel. Reynolds v. Smith* (1964), 22 Wis. (2d) 516, 126 N. W. (2d) 215.

2. *Personal jurisdiction without service of summons.*
Demurring respondents argue that because no summons was
served, this court obtained no jurisdiction over their persons
in an action for declaratory judgment. They rely upon sec.
262.02 (1), Stats., providing that, "A civil action in a court
of record is commenced by the service of a summons or an
original writ." They assert that this court is bound, at least
in an action for declaratory judgment, by all the provisions
of Title XXV of the statutes, relating "to civil actions in
the circuit courts and other courts of record, having concur-
rent jurisdiction therewith . . ." [3] The supreme court is a
court of record, but is not ordinarily considered as having
jurisdiction concurrent with the circuit court. Our power
to entertain an action and exclude circuit courts from further
proceedings therein has been referred to as an "excluding
jurisdiction." [4] Many of the provisions of Title XXV would
clearly be inappropriate for original actions in this court, and
although some of the provisions of that title often will be
relied on as a guide for orderly procedure here, we do not
consider ourselves bound by them.

It has not been the practice in this court to issue or au-
thorize the issuance of a summons in an action of which we
take jurisdiction. In a 1944 decision it was pointed out that
under the law of Wisconsin a summons is not a process, and
that, "All proceedings and actions in the exercise of original
jurisdiction of this court are instituted by an order to show
cause." [5] It should be added that at times they are instituted
by an alternative writ, or, rarely, by a notice of motion for
leave. In 1930 this court issued a memorandum outlining
the preferred practice in the exercise of our original jurisdic-
tion. It was said that a party desiring to institute an original

[3] Sec. 260.01, Stats.
[4] *Petition of Heil, supra,* footnote 1, pages 445, 448.
[5] *State ex rel. Walling v. Sullivan* (1944), 245 Wis. 180, 189, 13
N. W. (2d) 550.

action should file a petition and "there should be served upon the opposite party a notice, together with a copy of the petition, stating when and where the petitioner will apply for leave of court to institute the action, . . . If leave be granted, the complaint in the action should then be served upon the opposite party and the case proceed regularly according to the established rules of the court." [6]

It is apparent that no summons was required, and that the service which gave personal jurisdiction was the service of notice of application for leave. In the case now before us, personal jurisdiction was supplied by the service of an order to show cause why leave should not be granted. We consider that such personal jurisdiction suffices not only for our determination to take jurisdiction of the controversy described in the petition, but also for our determination of the procedure to be followed and for our ultimate adjudication. We saw no need for a separate complaint under the circumstances, and ordered that the petition, already served, should constitute the complaint.

The demurrer, insofar as it challenges jurisdiction of the subject matter and of the persons of these respondents, is overruled.

---

[6] *In re Exercise of Original Jurisdiction* (1930), 201 Wis. 123, 127, 128, 229 N. W. 643.