ROBERT C. ZIMMERMAN, Secretary of State
You advise that several successful candidates at the primary election held September 12, 1972, failed to file their pre-primary financial statements with your office by September 5, 1972, as required by sec. 12.09 (1), Stats. As a result, you promptly informed all said candidates of the necessity of filing an affidavit, court order and financial statement with your office by September 12, 1972, as provided for in sec. 12.10, Stats. Although none of the candidates complied with the statutory time limitations set forth in your instructions, one of the candidates did recently file an affadavit, court order and financial statement with your office on September 18, 1972. Inasmuch as it will shortly be necessary for you to certify the names of candidates for inclusion of the November general election ballot, you request my advice concerning whether you should refuse to certify the names of any or all of the above-described candidates. *Page 379 
Section 12.09 (1), Stats., provides in part that all candidates at a primary election are required to file expense statements by the Tuesday preceding the primary and the Tuesday following the primary. Section 12.10, Stats., provides as follows:
"Candidate neglecting to file accounts omitted from ballot. The name of a candidate chosen at a primary or otherwise shall not be certified or printed on the offical [official] ballot for the ensuing elections, unless there has been filed by or on behalf of said candidate and by his personal campaign committee, if any, the statements of accounts and expenses relating to nominations required by this chapter up to the time for such certification. The foregoing shall not prevent the placing of the name of a candidate upon the official ballot if such statement shall be filed at least 60 days before the primary, or within 7 days after the latest time otherwise provided by law, accompanied by an order approving such filing, which may be made by the presiding judge of any court of record of this state, upon his being satisfied of the truth of an affidavit made by the candidate or by a member of his personal or campaign committee, in his behalf and duly authorized by him, setting forth the facts with regard to the omission to file such statement and showing that such omission was not intentional, which affidavit shall accompany such order and both be filed with such statement. On the petition of any elector entitled to vote for or against such candidate such order may be reviewed and set aside in a proceeding as provided in s. 12.22."
There is no question but that all the candidates you describe have failed to fully and strictly comply with the provisions of sec. 12.10, Stats. However, previous case law interpreting the provisions of this section make it clear that our Supreme Court does not interpret the statute as requiring the strict compliance which a literal reading of the statute would otherwise demand.
In State ex rel. Zimmerman v. Carpenter (1949), 254 Wis. 619,37 N.W.2d 469, the court addressed itself to a fact situation which is, in some respects, similar to that presented by the one candidate you describe, who did file an affidavit, court order and financial statement, all being late, on September 18, 1972. For instance, in the Carpenter case, as in the present instance, the financial statement had not been filed in the office of the *Page 380 
Secretary of State within the time limited nor had the court order been made and filed by the date of the primary election as required by sec. 12.10, Stats. However, although the court realized that there had not been strict compliance with the statute, it also recognized that a literal reading of the statute could lead to harsh results and the frustration of the will of the electorate unless the statute was liberally construed to avoid such a result. Reaching its ultimate conclusion, the court, therefore, pointed to the general legislative mandate set forth in the statutes, which requires that election laws be so construed as to "give affect to the will of the electors, if that can be ascertained from the proceedings, notwithstanding informality or failure to fully comply with some of its provisions." See sec. 5.01 (1), Stats.
I should point out that, although there is similarity between the Carpenter case and the one instance of late filing you describe, there is one central factual difference which confuses the application of the Carpenter case to some extent. InCarpenter, although the candidate was late with his filings, he had filed his financial statement prior to the primary. In the present instance, there was no such filing until almost a weekafter the primary. Therefore, I recognize that it might be argued that this difference sufficiently distinguishes the two factual situations so as to require the application of different legal principles in each instance. However, I cannot advise you with any degree of assurance that the courts would recognize such a distinction, particularly in light of the emphasis which our court has given to the need for liberal construction of the provisions of sec. 12.10, Stats., as well as the necessity of viewing facts arising under the statute in a manner which will give effect to the will of the electors.
Under the circumstances, in the one instance you describe, where the candidate has filed his expense statement and affidavit, along with a court order authorizing late filing, I feel you are justified in accepting such filing as "substantial compliance" with the provisions of sec. 12.10, Stats. In doing so, of course, you will also be relying on the order of a court of record of the state. Should any elector entitled to vote for or against such candidate wish to take issue with your reliance on such court order, he may institute appropriate proceedings. *Page 381 
You will note that the foregoing advice relates only to the one candidate who did file an affidavit, court order and financial statement with your office on September 18, 1972. In light of my previous remarks, I am sure you appreciate that final advice concerning the manner in which you should proceed in reference to any of the other delinquent candidates must be rendered in light of the facts existing at the time you must certify candidates for ballot position.
RWW:JCM